UNITED STATES DISTRICT COURT
for the
DISTRCIT OF MASSACHUSETTS

05 11224 MLW

```
MARK LALIBERTE             )
     Plaintiff             )
                           )
V.                         )
                           )   No. _____
                           )
WOODS HOLE, MARTHA'S       )
VINEYARD AND NANTUCKET     )
STEAMSHIP AUTHORITY        )
     Defendant             )
                           )
```

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED Yes
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

#### General Factual Allegations

1. The Plaintiff, Mark Laliberte, is a resident of Worcester, County of Worcester, Commonwealth of Massachusetts.

2. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, is a body politic, duly organized and existing under the laws of the Commonwealth of Massachusetts.

3. On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, was doing business within the Commonwealth of Massachusetts.

4. On or about August 4, 2003, the Plaintiff, Mark Laliberte, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

5. On or about August 4, 2003, the Plaintiff, Mark Laliberte, was employed by the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, as a seaman, and a member of the crew of the M/V ISLANDER.

6. On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, owned the M/V ISLANDER.

7. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, chartered the M/V ISLANDER from some other person or entity such that on or about August 4, 2003 the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority was the owner pro hac vice of the M/V ISLANDER.

8. On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, operated the M/V ISLANDER.

9. On or about August 4, 2003, the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, or the Defendant's agents, servants, and/or employees, controlled the M/V ISLANDER.

10. On or about August 4, 2003, the M/V ISLANDER was in navigable waters.

11. On or about August 4, 2003, while in the in the performance of his duties in the service of the M/V ISLANDER, the Plaintiff, Mark Laliberte, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, Mark Laliberte, was exercising due care.

### Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 28 U.S.C. §1332, and 28 U.S.C. §1333.

## COUNT I

### Mark Laliberte v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (JONES ACT NEGLIGENCE)

15. The Plaintiff, Mark Laliberte, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, Mark Laliberte, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, Mark Laliberte, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, Mark Laliberte, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT II

### Mark Laliberte v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, Mark Laliberte, reiterates the allegations set forth in paragraphs 1

through 14 above.

20. The personal injuries sustained by the Plaintiff, Mark Laliberte, were due to no fault of his, but were caused by the Unseaworthiness of the M/V ISLANDER.

21. As a result of said injuries, the Plaintiff, Mark Laliberte has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, Mark Laliberte, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in an amount to be determined by a jury together with interest and costs.

## COUNT III

**Mark Laliberte v. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority**

**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

23. The Plaintiff, Mark Laliberte, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Mark Laliberte, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, Mark Laliberte, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in the amount of $100,000 for maintenance and cure, together with costs and interest.

## COUNT IV

### Mark Laliberte vs. Woods Hole, Martha's Vineyard and Nantucket Steamship Authority

**(GENERAL MARITIME LAW/JONES ACT - INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)**

25. The Plaintiff, Mark Laliberte, reiterates the allegations set forth in paragraphs 1 through 14 above.

26. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, Mark Laliberte, has incurred and will continue to incur expenses for his maintenance and cure.

27. The Plaintiff, Mark Laliberte, has made demand upon the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, for the provision of maintenance and cure.

28. The Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with maintenance and cure in a timely and adequate manner.

29. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Mark Laliberte, demands judgment against the Defendant, Woods Hole, Martha's Vineyard and Nantucket Steamship Authority, in

an amount to be determined by a jury as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, III AND IV.

Respectfully submitted for the
the Plaintiff, Mark Laliberte,
by his attorney,

David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 6/9/05



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   MARK LALIBERTE V. WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   __  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   X   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                        YES ☐    NO X☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                        YES ☐    NO X☐
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                        YES ☐    NO X☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                        YES ☐    NO X☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                        YES ☐    NO X☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division  X☐       Central Division  ☐       Western Division  ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division  ☐        Central Division  ☐       Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                        YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ DAVID F. ANDERSON
ADDRESS _____ LATTI & ANDERSON LLP, 30-31 UNION WHARF, BOSTON, MA 02109
TELEPHONE NO. _____ (617) 523-1000

(Coversheetlocal[1].wpd - 10/17/02)