UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 - 11132 MLW**

M-WORKS, INC. and SINTEFEX, INC.,   )
                                     )
    Plaintiffs,                      )         RECEIPT # 65443
                                     )         CIVIL ACTION AMOUNT $ 250.00
v.                                   )         NO.
                                     )         SUMMONS ISSUED N/A
                                     )         LOCAL RULE 4.1 _____
FEDERAL EXPRESS CORPORATION,         )         WAIVER FORM _____
                                     )         MCF ISSUED _____
    Defendant.                       )         BY DPTY. CLK. M.P.
                                     )         DATE 7/7/2005

### NOTICE OF REMOVAL OF CIVIL ACTION
### TO U.S. DISTRICT COURT

MAGISTRATE JUDGE JLA

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, DISTRICT OF MASSACHUSETTS, AND TO THE PLAINTIFFS:**

PLEASE TAKE NOTICE that defendant Federal Express Corporation ("FedEx") hereby files its Notice of Removal under 28 U.S.C. §§1331 and 28 U.S.C. §1441 to effect removal of this matter which was commenced in the Cambridge District Court of the Commonwealth of Massachusetts, Middlesex County, under cause number 0552CV0641. Defendants state that removal is proper for the following reasons:

1.  On June 23, 2005, plaintiff filed this action in the Cambridge District Court of the Commonwealth of Massachusetts, Middlesex County, under cause number 0552CV0641. Federal Express first received notice of this action on June 28, 2005, and thirty days since such first receipt have not yet expired.

2. The United States District Courts have original jurisdiction by reason of federal question jurisdiction, 28 U.S.C. § 1331.

3. The claims asserted by the Plaintiffs in their Complaint and the liability of the Defendant, if any, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx. See Read-Rite Corp. v. Burlington Air Express, Ltd., 186 F. 3d 1190 (9th Cir. 1999). As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331 and this civil action may be removed pursuant to 28 U.S.C. § 1441(b). Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997); McCall-Thomas Eng'g Co. v. Federal Express Corp., 81 F.2d 28, 30 (4th Cir. 1996) ("Claims involving shipments in interstate commerce by air carriers are governed by federal law."); see also Diero v. American Airlines, Inc., 816 F.2d 1360 (9th Cir. 1987); First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc., 731 F.2d 1113 (3d Cir. 1984); North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229 (2d Cir. 1978).

4. Attached hereto as Exhibit A is a true and correct copy of all pleadings and process filed in this action in the Cambridge District Court of the Commonwealth of Massachusetts, Middlesex County.

5. A notice of filing of this Notice of Removal is being concurrently filed with the Cambridge District Court of the Commonwealth of Massachusetts, Middlesex County, and is concurrently being served on plaintiffs.

WHEREFORE, defendants pray that this civil action be removed to this Court from the Cambridge District Court of the Commonwealth of Massachusetts, Middlesex County.

| Civil DOCKET | DOCKET NUMBER 200552CV000641 | T   Court of Massachusetts District Court Department |
|---|---|---|

**CASE NAME**
M-WORKS INC. vs. FEDERAL EXPRESS CORPORATION

**CURRENT COURT**
Cambridge District Court
40 Thorndike Street
Cambridge, MA 02141-1755
(617) 494-4315

| ASSOCIATED DOCKET NO. | DATE FILED 06/23/2005 | DATE DISPOSED 00/00/0000 | |
|---|---|---|---|

**PLAINTIFF(S)**
P01   M-WORKS INC.

P02   SINTEFEX INC

**PLAINTIFF'S ATTORNEY**
ANDREW D. MAZZONE
259 SIDNEY ST.
CAMBRIDGE, MA 02139
(617) 576-3026

ANDREW D. MAZZONE

**DEFENDANT(S)/OTHER SINGLE PARTIES**
D01   FEDERAL EXPRESS CORPORATION
3620 HACK'S CROSS RD., BLDG. B
MEMPHIS, TN 38125

**DEFENDANT'S ATTORNEY**

COMMONWEALTH OF MASSACHUSETTS
MIDDLESEX, ss.
DISTRICT COURT DEPARTMENT OF THE TRIAL COURT
Cambridge Division

I HEREBY CERTIFY THAT THIS DOCUMENT IS A TRUE COPY OF A DOCUMENT FILED WITH THE OFFICE OF THE CLERK-MAGISTRATE OF THE COURT.

ROBERT L. MOSCOW
Clerk-Magistrate

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 06/23/2005 | Complaint filed on 06/23/2005 at Cambridge District Court. |
| 2 | 06/23/2005 | Appearance for M-works Inc. filed by Attorney ANDREW D. MAZZONE 259 Sidney St. Cambridge MA 02139 BBO# 659930 |
| 3 | 06/23/2005 | Appearance for Sintefex Inc filed by Attorney ANDREW D. MAZZONE 259 Sidney St. Cambridge MA 02139 BBO# 659930 |
| 4 | 06/23/2005 | Filing fee of $180.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 5 | 06/23/2005 | Statement of damages filed by P01 M-WORKS INC. et al (Dist./Mun.Cts.Supp.R.Civ.P. 102A). |
| 6 | 06/24/2005 | DISMISSAL UNDER MASS.R.CIV.P. 4(j) potentially applicable on 10/24/2005 06:01 PM. |

| Page 1 of 1 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK X | DATE |
|---|---|---|---|

Date/Time Printed: 07/06/2005 03:10 PM

## COMMONWEALTH OF MASSACHUSETTS

Middlesex County, ss.                                    Cambridge District Court

                                                         0552cv0641

|  |  |
|---|---|
| M-WORKS INC. and SINTEFEX INC ) | 0191A000006/23/05CIVIL ENTR   180.00 |
| ) | 0191A000006/23/0515 SURC        15.00 |
| Plaintiffs ) | 0191A000006/23/05CIVIL FEES      5.00 |
| ) | |
| v. ) | **COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING, AND NEGLIGENCE** |
| ) | |
| FEDERAL EXPRESS CORPORATION ) | |
| ) | |
| Defendants ) | |

ROBERT L. MOSCOW
Clerk-Magistrate

Plaintiffs M-Works, Inc. ("**M-Works**") and Sintefex, Inc. ("**Sintefex**") collectively by their attorney Andrew D. Mazzone, Esq., as and for its Complaint against defendant Federal Express Corporation, Inc. ("**Federal Express**"), allege as follows.

### INTRODUCTION

1.   This action involves breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and unjust enrichment by the Defendant at the expense of Plaintiffs. Specifically, the Plaintiffs delivered a sound effects reproduction machine ("the machine") into Defendant's possession for shipment to California. The machine was properly packed, in good condition, and accepted by the Defendant at a Federal Express location. The Plaintiffs purchased insurance sufficient to cover the Declared Value of the machine, which was Eight Thousand Dollars ($8000.000). While

1

in the possession of the Defendant the box containing the machine was crushed under heavy impact, resulting in the total destruction of the box and the machine. After a cursory investigation the Defendant refused to honor the Plaintiffs' claim, using as a pretext that the packaging was "inadequate". The Plaintiffs allege a prima facie case of negligence in that the Defendant assumed a duty of care to the Plaintiffs when it accepted the box for shipping, and that the Defendant breached that duty of care because the box and machine were destroyed while in the sole possession of the Defendant. By refusing to honor the insurance that the Plaintiffs purchased, the Defendant has breached the shipping contract. Because the Defendant does not supply a clear and applicable definition of the term "inadequate packaging", and because the Defendant has reserved to itself the right to unilaterally make the decision that the packaging is inadequate, a decision which summarily and without process deprives the Plaintiffs of the benefit of the insurance coverage that they purchased, the term is discretionary in nature. Abuse of a discretionary term with the goal of depriving one party to a contract its "benefit of the bargain" constitutes a breach by Defendant of the implied covenant of good faith and fair dealing. Defendant has retained the amounts that it should have paid to Plaintiffs for the claim, resulting in an unjust enrichment of Defendant at the expense of Plaintiffs. As a result of the Defendant actions, Plaintiffs seeks and is entitled to damages for the loss of the machine, the loss of sales resulting from the loss of the machine, punitive damages, and attorney's fees.

## JURISDICTION AND VENUE

2. The Court has jurisdiction in that this action is brought by Plaintiff M-Works, whose principal place of business is Cambridge, Ma. The Defendant has business agents throughout Massachusetts, including Cambridge.

## THE PARTIES

3. Sintefex Audio LDA ("**Sintefex**") is a Portuguese corporation with a principal place of business address at Vale Formosilho, S. Marcos Da Serra, Portugal. Sintefex is the inventor and manufacturer of the FX8000 Digital Audio Effects Replicator ("FX8000") a digital sound-effect reproduction machine used in the creation of sound recordings and motion pictures. The FX-8000 has been used to create sound effects for such major motion pictures as *The Lord Of The Rings*.

4. M-Works Audio Inc. ("**M-Works**") is a Massachusetts corporation with a principal place of business address at 42 Columbia Street, Suite 17B, Cambridge, Ma. 02141. M-Works performs highly- specialized CD mastering services to the public. M-Works is also the United States agent for Sintefex. In this capacity M-Works sends the FX-8000 and other Sintefex products to potential purchasers in the United States for their evaluation.

5. Federal Express Corporation ("Defendant") is an international shipping company with a principal place of business at 3620 Hack's Cross Rd., Memphis, TN 38125. Federal Express provides international air shipments and ground shipments within the United States.

## BACKGROUND

6 M-Works and Sintefex (collectively, the "Plaintiffs ") entered into an agreement under which M-Works would act as the agent for Sintefex in the United

3

States. Under the agreement, Sintefex would ship a demonstration model of a particular product to M-Works in Cambridge. M-Works would then be responsible for sending the product on to potential purchasers in the United States. Because Sintefex is a small company, it cannot afford to have multiple demonstration units in circulation at once.

7       In March of 2004 M-Works received a shipment from Sintefex containing a demonstration unit of the latest Sintefex product, the FX-8000. The retail price of the FX-8000 is Eight thousand Dollars US ($8000.00).

8       The machine was factory hand-packed using custom double-box construction, styrofoam corners individually fitted to the machine, and bubble-wrap. This same packaging has successfully withstood the rigors of hundreds of shipments in the past. DHL was the international shipping company.

9       The shipment arrived in Cambridge in good condition, with no apparent damage of any type to the packaging. Jonathan Wyner ("Wyner"), the principal owner of M-Works, accepted the package from DHL after performing an inspection.

10      The package was picked up by Federal Express at M-Works on May 24, 2004 for shipment to Los Angeles where a potential purchaser was expecting it. Wyner selected the Express Saver Package option, and declared a value for the shipment of $8000.00.

11      Wyner purchased the insurance option of coverage for the Declared Value, an extra expense of One Hundred Thirteen Dollars ($113.00).

12      A Federal Express employee inspected the package and accepted the shipment. The shipment was due to arrive in Los Angeles on May 27, 2004.

13   When the package arrived at the destination, the party who was accepting it, Jay Frigoletto of 4844 Riverton Ave., #201, N.Hollywood, CA., 91601, found that the outer box was completely destroyed. The box was crushed on one side, and showed signs of water damage. Upon opening the box, he found that the machine itself was crushed and was obviously completely inoperable and beyond repair.

14   On learning from Frigoletto about the damaged shipment, Wyner and Mike Eden ("Eden"), the owner of Sintefex, contacted the Defendant and filed a claim for the Declared Value. The Defendant did not immediately respond to the claim, and did not conduct an immediate investigation.

15   Teresa McKee of the Federal Express claims department emailed the Plaintiffs on June 18, 2004, stating that because the shipment was not "adequately packaged to withstand the normal rigors of transportation" the Defendants would not honor the claim. Plaintiffs retained counsel at this point to handle the claim.

16   Plaintiffs' counsel wrote several letters to Colby S. Morgan, counsel for the Defendant. In his responses Morgan repeated the Defendant's position that the packaging was inadequate, and that the package had been "re-used" referring to the fact that it had been shipped originally from Portugal. Defendant offered the Plaintiffs no compensation for their loss.

17   Because of the destruction of the machine, Plaintiffs have been without a demonstration unit in the United States for several months. Seven prospective purchasers who had expressed interest in the FX-8000 and who were waiting to receive the demonstration unit consequently purchased competing units from other manufacturers.

5

## COUNT 1: BREACH OF CONTRACT

18. The Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 17.

19. The parties executed a binding "airbill" which is Defendant's standard contract for shipping services. On the airbill the Plaintiffs set a Declared Value on the shipment of $8000.00

20. The Plaintiffs purchased extra insurance coverage for the Declared Value of the machine at the cost of $113.00.

21. The box and machine were destroyed while in the possession and care of the Defendant.

22. The Defendant breached the airbill contract by refusing to pay the claim set forth by the Plaintiffs without showing good cause. The Defendant had every opportunity to inspect the package for integrity before accepting it and executing the airbill contract.

23. The Defendant refused to honor the insurance purchased by the Plaintiffs, constituting a further breach of the valid contract.

24. The Plaintiffs have been harmed by the Defendant's refusal to settle the claim because the FX-8000 was rendered completely inoperable and beyond repair by the Defendant's negligent handling of the shipment. Moreover, the Plaintiffs have lost both prospective and actual United States sales because they have not had a demonstration model available for evaluation in the United States for a period of one year.

## COUNT 2: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

25.	The Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 24.

26.	The Uniform Commercial Code ("UCC") imposes a duty of good faith and fair dealing upon all commercial contracts entered into between merchants. The Plaintiffs are merchants and contracted with the Defendant, also merchants, in a commercial context.

27.	The Defendant base their refusal to pay on a provision in their "Service Guide" granting the unilateral right to the Defendant to deny claims where the Defendant finds, through its own investigation, that the packaging of the damaged shipment was "inadequate". No clear definition of "adequate packaging" is provided in the Defendant's Service Guide. The Defendant's determination that the packaging was inadequate summarily deprives the Plaintiffs of the benefit of the insurance coverage that they purchased. The fact that the Defendant has reserved to itself the right to make this determination, based on no clear criteria and after the damage has occurred, constitutes an abuse by the Defendant of a "discretionary" right. The concept of discretionary rights covers a provision of a contract where the expectations of one party are controlled by the sole discretion of the other party. The issue lies not in that the right is expressed in the contract, but in whether the right is exercised in good faith so as not to deprive the other party his justifiable expectations of the contract. "Where one party has the right to exercise discretion under the contract, it is bad faith to use that discretion to recapture

7

opportunities foregone on contracting as determined by the other party's reasonable expectations". *Piantes v. Pepperidge farm, Inc.*, 875 F. Supp. 929, 938 (D Mass. 1995) (quoting *Anthony's Pier Four Inc., v. HBC Associates*, 411 Mass. 451 (1991). No reasonable governing criteria for the exercise of the discretionary right to deny a damage claim based on a unilateral determination of packaging adequacy is expressly designated in the Defendant's literature

28. The Plaintiffs shipped the FX-8000 in a custom factory-built container that has been proven in hundreds of international air and ground shipments to be completely adequate to the task of protecting the equipment inside. No prior shipments have been damaged to the extent of being rendered inoperable and un-repairable.

29. The Plaintiffs purchased extra insurance coverage from the Defendant with the justifiable expectation that any damage would be compensated up to the Declared Value of $8000.00.

30. The Defendant accepted the package for shipment in good condition, with no evidence of any defects in the integrity of the box or water damage to the box, and in doing so, waived the right to re-inspect the packaging for "adequacy" after the damage occurred. A letter from Colby S. Morgan, the Defendant's counsel, states that the post-damage inspection revealed "inadequate packing material, the contents were shipped in a reused carton", and that " the carton was in poor condition". It is entirely disingenuous and in bad faith for the Defendant to claim that the carton is now in poor condition *after* the Defendant subjected the carton to a destructive impact. To base these findings on a post-damage inspection constitutes an unfair and deceptive business practice by the Defendant.

8

31.    Ms. McKee's email stated that packaging must be adequate to withstand the "normal rigors of transportation". "Normal rigors" means reasonably foreseeable impacts that commonly occur, absent negligence, in air cargo shipping, such as shifting of contents and handling. The Defendant cannot reasonably assert that the extreme impact that caused the massive destruction of the box and machine was "normal" or reasonably foreseeable. To do so would be to claim that packaging must be adequate to withstand virtually *any* impact regardless of force. The box was also sustained water damage while in the Defendant's care. The Defendant cannot reasonably assert that exposing a cardboard carton to soaking water damage is a foreseeable rigor of transportation. The Defendant attempts to shift to the Plaintiffs the burden of liability for its negligence in exposing the box to an unforeseeable impact and to weakening by water damage. Moreover, the extra insurance coverage the Plaintiffs purchased provided Plaintiffs with a reasonable expectation that, in the event of such an unforeseeable impact or water damage, any loss would be covered.

32.    The Defendant abused its discretionary right to deny a claim because of inadequate packaging. The damage to the FX-8000 was the result of an impact so extreme, either by dropping or crushing the box, that virtually no packaging normally used in air shipping would have withstood it. To take the position that the damage was the result of inadequate packaging is to deny the reality that the Defendant's negligence was the proximate cause of the damage and that the abuse of the Defendant's discretionary right to deny the claim based on inadequate packaging is a bad faith pretext frequently employed by the Defendant to avoid paying damage claims to small business

9

customers who don't normally have the resources to litigate a claim. The Defendant's position is opportunistic, pretextual, and unwarranted.

33. By denying the Plaintiffs' claim based on their bad faith exercise of the discretionary right to deny a claim for inadequate packaging after the shipment had been damaged, when the Defendant had every opportunity to inspect the shipment and exercise the right to refuse the shipment at that time, the Defendant has injured the Plaintiffs and deprived the Plaintiffs of their reasonable expectations under the contract that the extra insurance that they purchased would cover the Plaintiffs' loss in the event of damage to the shipment.

## COUNT 3: NEGLIGENCE

34. The Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 33.

35. By executing the airbill shipping agreement and accepting the payment for the shipping as well as the extra insurance coverage, the Defendant assumed a duty of care with respect to the Plaintiffs' shipment of one FX-8000.

36. The condition of the Plaintiffs' shipment when picked up by the Federal Express employee was undamaged. Neither the packaging nor the contents of the package exhibited any signs of damage of any type after being shipped from Portugal. The Defendant's employee inspected the package and accepted it for shipment.

37. While in the sole possession of the Defendant the package was crushed by a forceful impact, to the extent that the metal machine inside was crushed out of square and rendered completely inoperable and un-repairable. The box also displayed signs of water damage that were not evident when the box was last in the possession of the

the Plaintiffs of their rightful expectations of the contract, the Plaintiffs ask the Court to award them punitive damages and reasonable attorney's fees.

44.   Because the Defendant assumed a duty of care towards the Plaintiff by accepting, in good condition, the package for shipment, and breached that duty by causing the package to be destroyed while in its care, the plaintiff allege a prima facie case of negligence, for which the plaintiffs ask the Court to grant the amount necessary to replace the damaged machine, or Eight Thousand Dollars ($8000.00). The Plaintiffs also ask the Court to grant the damages that are the consequence of the Defendant's negligence, the loss of sales resulting from the destruction of the Plaintiffs' U.S. demonstration unit in the amount of Sixteen Thousand Dollars ($16,000.00).

Signed this day June 22, 2005

For the Plaintiffs

Jonathan Wyner, M-WORKS Inc.

Mike Eden, Sintefex LDA

By their attorney

_____

Andrew D. Mazzone, Esq.
BBO# 659930
259 Sidney St.
Cambridge, Ma. 02139
Telephone (617) 413 2570
Facsimile (617) 497 4205

| STATEMENT OF DAMAGES G.L. c. 218, § 19A (a) | DATE FILED (to be added by Clerk) 6.23.05 | DOCKET NO. (to be added by Clerk) 0552CV064 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|
| PLAINTIFF(S) M-WORKS INC. SINTEFEX LDA | | DEFENDANT(S) FEDERAL EXPRESS CORP. | |
| | | CAMBRIDGE DISTRICT COURT | |

A. Documented medical expenses to date:
  1. Total hospital expenses: .................................................. $ _____
  2. Total doctor expenses: .................................................... $ _____
  3. Total chiropractic expenses: ............................................. $ _____
  4. Total physical therapy expenses: ....................................... $ _____
  5. Total other expenses (Describe): _____ $ _____
  _____
                                                                    SUBTOTAL:  $ _____

B. Documented lost wages and compensation to date: ............. $ _____
C. Documented property damages to date: .............................. $ _____
D. Reasonably anticipated future medical and hospital expenses: $ _____
E. Reasonably anticipated lost wages: .................................... $ _____
F. Other documented items of damage (Describe): LOST SALES  $ 16,000

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
_____
_____
_____

For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: $ 16,000

**CONTRACT CLAIMS**                                              **AMOUNT**

Provide a detailed description of claim(s): _Defendant breached contract by refusing to pay claim for damaged shipment for which insurance was purchased_    $ 8,000.00
                                                                                  $ _____
                                                                                  $ _____

For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: $ 8,000.00

ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):
Signature: _Andrew P. Mazzone_   Date: 6.23.05
Print or Type Name: ANDREW D. MAZZONE   B.B.O.#: 659930
Address: 259 SIDNEY ST CAMBRIDGE, MA 02129

DEFENDANT'S NAME AND ADDRESS:
FEDERAL EXPRESS CORP.
3620 HACKS CROSS RD BLDG B
MEMPHIS, TN 38125