UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**MARK LALIBERTE,**
    **Plaintiff,**

vs.

**WOODS HOLE, MARTHA'S VINEYARD
AND NANTUCKET STEAMSHIP
AUTHORITY,**
    **Defendant.**

**CIVIL ACTION
NO: 05-11224-MLW**

## DEFENDANT'S MOTION TO CONSOLIDATE

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate the action entitled "<u>Barry Brooks vs. Woods Hole, Martha's Vineyard & Nantucket Steamship Authority</u>" bearing Docket No: 05-11861-RGS with this action.

As grounds in support of its motion, the defendant submits the following for the Court's consideration.

### BACKGROUND

On August 4, 2003, the crewmembers onboard the M/V ISLANDER, which is owned and operated by the defendant, were performing a man-overboard drill at the request and

in the presence of the U.S. Coast Guard. As part of the drill, two (2) crewmembers were lowered from the vessel in a rescue boat. These crewmembers were Mark LaLiberte, the plaintiff in this action, and Barry Brooks, the plaintiff in the action bearing Docket No: 05-11861-RGS. The rescue boat capsized causing the crewmembers to fall into the water. As a result of the incident, Mr. LaLiberte instituted this action and thereafter Mr. Brooks instituted Civil Action No: 05-11861-RGS.

**ARGUMENT**

The action filed by Mr. Brooks should be consolidated with this action, which was filed first in time. Pursuant to Rule 42(a), consolidation is appropriate where the actions involve a "common question of law or fact." *F.R.Civ.P. Rule 42(a).* The action filed by Mr. Brooks and this action have identical issues of law and fact and should properly be consolidated by the Court. The plaintiff herein is seeking recovery against the defendant for Jones Act negligence, Unseaworthiness, Maintenance & Cure, and Failure to Provide Maintenance & Cure. These are the same causes of action that have been asserted against the defendant by Mr. Brooks.

The factual and expert evidence concerning whether the defendant breached its duties under the asserted

General Maritime Law theories of recovery will be the same in both cases because Latti & Anderson, LLP represents both plaintiffs. Not only will the evidence on liability be identical, but the medical testimony will also be the same as both plaintiffs are alleging Post Traumatic Stress Syndrome as a result of the incident. There is no question that both actions, which arise out of the same incident and the same set of operative facts, have common questions of law and fact.[1]

    The defendant further submits that consolidation should be granted as a matter of convenience and economy in administration. All of the witnesses, attorneys, and issues in the cases are the same. The defendant should not be required to defend two (2) separate cases that involve identical issues. Similarly, it is a waste of the Court's time and resources to adjudicate and manage two (2) separate causes of actions that involve virtually identical issues. Consolidating the cases as requested will be more economical to the parties and this Honorable Court in both costs and time.

---

[1] Plaintiff's counsel did not identify this action as a "related case," as defined by Local Rule 40.1(G), on the Civil Action Cover Sheet for the action subsequently filed by Mr. Brooks (Docket No. 05-11861-RGS). Had this action been properly identified as a "related case," then both actions would have likely been assigned to this Court. Because this was not accomplished, the action involving Mr. Brooks is now pending before Judge Richard Stearns.

The plaintiffs will not be prejudiced by consolidating the cases.  The only issue that will be different in the cases is the amount of recoverable damages, if any, for each plaintiff.  Certainly, a jury can determine the amount of damages that each plaintiff should receive, if any, in a single consolidated action.  Consolidation at this time is appropriate as the parties have not even attended a Joint Scheduling Conference in either case.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, pray that this Honorable Court consolidate this action with the action entitled "<u>Barry Brooks vs. Woods Hole, Martha's Vineyard & Nantucket Steamship Authority</u>" and bearing Docket No: 05-11861-RGS.

        By its attorneys,

        **CLINTON & MUZYKA, P.C.**

        _"/s/ Kenneth M. Chiarello"
        Thomas J. Muzyka
        BBO NO: 365540
        Kenneth M. Chiarello
        BBO NO: 639274
        One Washington Mall
        Suite 1400
        Boston, MA 02108
        (617) 723-9165

Dated:  November 14, 2005