UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK LALIBERTE,<br>　　　Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY,<br>　　　Defendant | Civil Action<br><br>No. 05-11224-MLW |

PLAINTIFF'S OPPOSITION OF DEFENDANT'S MOTION TO CONSOLIDATE

Now comes the Plaintiff, Mark LaLiberte, and respectfully requests that this Honorable Court Deny Defendant's Motion to Consolidate. As grounds thereof the Plaintiff states as follows:

I.　　FACTS

On August 4, 2003, the Defendant's vessel, the M/V ISLANDER was conducting a man overboard drill which involved lowering a rescue launch from the Defendant's ferry. During the course of the drill, the Defendant's Captain simply walked out of the wheelhouse, without a radio while the vessel was underweight, leaving the vessel not in command by anyone. While this was occurring the ferry's First Mate and Boson dropped the rescue launch into the water while the ferry was under weigh causing it to capsize. Plaintiff, Barry Brook's leg then became caught in a line attached to the launch resulting in him being dragged underwater. When the Ferry finally stopped several minutes later, Plaintiff Barry Brooks was essentially dead as his

heart had stopped and his lungs were full of seawater.  Plaintiff, Mark LaLiberte, cleared Brook's lungs of water, administered CPR and was able to revive Plaintiff Brooks.  As a result of the incident, Brooks was hospitalized for an extended period of time for pulmonary complications; a condition for which he is still receiving treatment and which still prevents him from returning to work.  As a result of the incident LaLiberte has sustained PTSD.  He has attempted to return to work, however the Defendant will not take him back until he receives a full fit for duty from his psychiatrist.

As a result of the incident the U.S. Coast Guard conducted an investigation and charged the Defendant with a violation of 46 CFR 199.180(a).  Upon information and belief, the Defendant admitted to these charges.   As a result of this incident the U.S. Coast Guard Charged Defendant's Captain, David Dandridge with Negligence (46 CFR 5.29).  As a result of a plea agreement Defendant's Captain admitted to these charges and had his Master's License suspended (but not revoked).  In addition the U.S. Coast Guard charged both Defendant's 1st Mate and Defendant's Boson with misconduct (46 CFR 5.27) resulting in warnings.  It should be noted that under the Jones Act, the violation of a Coast Guard Regulation results in negligence per se and bars any finding of contributory negligence.  Simply stated there is no genuine dispute regarding Defendant's liability in this case.  In the event the Defendant does not admit liability, this issue is likely to be resolved in favor of the Plaintiff's on summary judgment.  Similarly, as passive victims, there is no genuine dispute regarding either Brooks or LaLiberte's contributory negligence.   Simply stated both the LaLiberte case and the Brooks case are really just assessments of damages.

II.     ARGUMENT

Although both the Brooks and LaLiberte cases arise from the same accident there is no genuine dispute regarding what happened or the Defendant's liability.  As indicated above there is a very good chance that liability will not be contested or if contested will be resolved through summary judgment motions.  As a result the evidence in the Brooks and LaLiberte case will revolve around the injuries and damages sustained by these two individuals.  Plaintiffs Brooks and LaLiberte sustained different injuries, have different damages and with the exception of emergency care were treated by different medical providers all of whom are likely to witnesses at trial.   Accordingly there will be almost no overlap of evidence on the issue of damages sustained by Brooks and damages sustained by LaLiberte.  Given that there is no genuine issue regarding Defendant's negligence consolidation of these two cases will result in little if any shorting of the total time needed to try these cases.

III     CONCLUSION

On the surface the Brooks and LaLiberte case appear to involve common questions of fact.  However both of these cases are at their core an assessment of damages involving different damages, different witnesses and very little overlap of issues or evidence.  Trying two cases simultaneously results in doubling of the trial length making scheduling more difficult.  As a result any efficiency gained by consolidating these two cases is offset by the added complication of trying two cases at once.

WHEREFORE, the Plaintiff, Mark LaLiberte, respectfully requests that this Honorable Court Deny Defendant's Motion to Consolidate.

        Respectfully submitted for the
        the Plaintiff, Mark Laliberte,
        by his attorney,

        /s/ David F. Anderson
        David F. Anderson
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        (617) 523-1000

Dated: November 28, 2005

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

        /s/ David F. Anderson, Esq.
        David F. Anderson, Esq.
        Latti & Anderson LLP
        30-31 Union Wharf
        Boston, MA 02109
        617-523-1000

November 28, 2005