UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
MARK LALIBERTE,                )
      Plaintiff                )
                               )
V.                             )   Civil Action
                               )   No. 05-11224-MLW
WOODS HOLE, MARTHA'S           )
VINEYARD AND NANTUCKET         )
STEAMSHIP AUTHORITY,           )
      Defendant                )
_____)
                               )
BARRY BROOKS,                  )
      Plaintiff                )
                               )
                               )   Civil Action
V.                             )   No. 05-11861-MLW
                               )
WOODS HOLE, MARTHA'S           )
VINEYARD AND NANTUCKET         )
STEAMSHIP AUTHORITY,           )
      Defendant                )
_____)
```

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS
FROM OFFERING ANY OF THEIR MEDICAL RECORDS, MEDICAL BILLS,
AND INCOME TAX RECORDS NOT PRODUCED DURING DISCOVERY**

Now comes the defendant, Woods Hole, Martha's
Vineyard & Nantucket Steamship Authority, in the above-
entitled action, by and through its undersigned counsel,
Clinton & Muzyka, P.C., and respectfully moves this
Honorable Court to preclude the plaintiffs from offering
any of their medical records, medicals bills, and income
tax records not produced during discovery.

As grounds in support, the defendant submits the following for the Court's consideration.

BACKGROUND

On September 1, 2005, the defendant served its Requests for Production of Documents on the plaintiffs.[1]

Request No. 1 states:

"Any and all medical records that relate in any manner to the medical treatment received by the plaintiff as result of the alleged incident.  This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility."

Request No. 4 states:

"Any and all medical bills or liens relating to the medical treatment received by the plaintiff as a result of the alleged incident."

Request No. 15 states:

"All Federal and State income tax records relating to the plaintiff from 2001 to the present.  This includes, but is not limited to, all 1099 Forms, W-2 Forms, Schedules, and Exemptions."

Request No. 18 states:

"All prescriptions and prescription records for medicine prescribed to the plaintiff as a result of the alleged incident."

Request No. 39 states:

"Any and all documents that support the plaintniff's loss of future earning capacity claim."

---

[1] The defendant's Requests for Production of Documents are attached hereto as Exhibits "A" & "B."

Request No. 40 states:

"Any and all documents that support the plaintiff's claim for lost wages."

Request No. 41 states:

"Any and all medical bills relating to the injuries sustained by the plaintiff."

On October 20, 2005, the plaintiffs submitted their objections to the defendant's Requests for Production of Documents.  The plaintiffs' did not object to Request Nos. 1, 4, 15, 18, 39, 40 & 41.  On October 21, 2005, the plaintiffs produced their Local Rule 35.1 disclosure, which attached numerous medical records relating to the treatment they had received as a result of the incident. The plaintiffs never responded to the defendant's Request for Production of Documents, but did produce some of their medical records and bills during discovery.[2]

ARGUMENT

The defendant respectfully moves this Honorable Court to preclude the plaintiffs from offering their income tax records because they were not produced during discovery. The defendant further moves to preclude the plaintiffs from offering any of their medical records or medical

---

[2] It should be noted that on December 21, 2005, the defendant requested a Local Rule 37.1 discovery conference concerning the plaintiffs' failure to respond to its Interrogatories and Requests for Production of Documents.

bills, which they failed to produce during discovery.  The defendant cannot specifically identify these documents at this time, because it has yet to receive a copy of the plaintiffs' proposed exhibits.  Pursuant to the Court's Procedural Order, the defendant will specifically identify the medical records and bills it is seeking to preclude by or before August 27, 2007.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court preclude the plaintiff from offering any their medical records, medical bills, and income tax records not produced during discovery.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Thomas J. Muzyka"
Thomas J. Muzyka
BBO NO. 365540
Kenneth M. Chiarello
BBO NO. 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK LALIBERTE,
     Plaintiff,

CIVIL ACTION
NO: 05-11224-MLW

vs.

WOODS HOLE, MARTHA'S VINEYARD
AND NANTUCKET STEAMSHIP
AUTHORITY,
     Defendant.

## DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendant requests the production of the following documents and things by the plaintiff at the offices of Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, Massachusetts (02108) within thirty (30) days from receipt of this Request.

(a) In accordance with Rule 34 (b), your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

(b) In accordance with Rule 34 (b), the documents shall be produced as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

    (c)    Pursuant to Rule 34 (a), this request encompasses all items within your possession, custody or control.

    (d)    Pursuant to Rule 26 (e), this request is continuing in character so as to require you to promptly amend or supplement your response if you obtain further  information.

    (e)    If in responding to this request you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

As used in this request, the following terms are to be interpreted in accordance with these definitions:

    (a)    In accordance with Rule 34 (a), the terms "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by or for you through detection devices into reasonably usable form.

## REQUESTS

1.    Any and all medical records that relate in any manner to the medical treatment received by the plaintiff as result of the alleged incident.  This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

2.    Any and all medical records concerning medical treatment received by the plaintiff prior to the incident, which relate in any manner to the injuries or ailments that the plaintiff allegedly sustained as result of the incident.  This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational)

records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

3.    Any and all medical records relating to the plaintiff for a period of ten (10) years prior to the incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

4.    Any and all medical bills or liens relating to the medical treatment received by the plaintiff as a result of the alleged incident.

5.    Any and all documents that relate in any manner to health insurance benefits or union health benefits provided to the plaintiff for the injuries allegedly sustained as a result of the alleged incident.  This includes, but is not limited to, applications, medical records, contracts, and summaries of coverage or benefits.

6.    Any an all documents that relate in any manner to health insurance benefits or union health benefits provided to the plaintiff for injuries or ailments he sustained during the five (5) years prior to the alleged incident.  This includes, but is not limited to, applications, medical records, contracts, and summaries of coverage or benefits.

7.    All any all documents that relate in any manner to benefits provided to the plaintiff by the Social Security Administration as a result of the alleged incident.  This includes, but is not limited to, applications, accountings, medical records, schedules, disability ratings, and summaries of coverage or benefits.

8.    Any and all documents that relate in any manner to benefits provided to the plaintiff by the Department of Assistance (Welfare) as a result of the alleged incident.  This includes, but is not limited to,

16. Any and all reports of government agencies including, but not limited to, the United States Coast Guard, in connection with the alleged incident.

17. All criminal, parole, and probation records relating to the plaintiff for the ten (10) years prior to the alleged incident.

18. All prescriptions and prescription records for medicine prescribed to the plaintiff as a result of the alleged incident.

19. All substance abuse records, examinations and evaluations concerning the plaintiff.

20. All documents relied upon in answering Defendant's Interrogatories.

21. A list of publications authored or co-authored by the experts identified in Plaintiff's Answers to Defendant's Interrogatories.

22. All curriculum vitaes and resumes of the experts identified in the Plaintiff's Answers to Defendant's Interrogatories.

23. All driver's licenses belonging to the plaintiff.

24. All certificates or licenses issued by any government agencies to the plaintiff.

25. All records concerning pension funds in which the plaintiff is a participant.

26. All passports, expired and valid, issued to the plaintiff.

27. All birth certificates of the plaintiff.

28. All Department of Transitional Assistance (Welfare) identification cards, health insurance identification cards, and union registration or membership cards issued to the plaintiff.

29. All business cards bearing the plaintiff's name or the name of his business.

30. All records and pleadings concerning past or pending legal actions concerning the plaintiff.

31. All personal logs, notes, diaries or other writings maintained by the plaintiff that relate in any manner to the alleged incident, the injuries he sustained as a result of the alleged incident, or the condition that allegedly caused the incident.

32. All expert reports, including all data and materials used by the expert to arrive at his opinions, concerning the subject matter of this litigation.

33. All signed and/or unsigned statements or statements recorded by mechanical and/or electronic means of any person that relate in any manner to the incident or the condition that allegedly caused the plaintiff's injury.

34. All photographs and video-recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

35. All charts, drawings, models, sketches, or other depictions concerning the subject matter of this litigation.

36. All audio and visual representations and/or recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

37. All physical evidence in the custody of or available to the plaintiff which is the subject matter of this litigation.

38. All exhibits and chalks which will be offered at the time of trial.

39. Any and all documents that support the plaintiff's loss of future earning capacity claim.

40. Any and all documents that support the plaintiff's claim for lost wages.

41. Any and all medical bills relating to the injuries sustained by the plaintiff.

42. All status and fit for duty slips.

43. All pre-employment physical examination reports or records relating to the plaintiff's employment with the defendant.

44. All records concerning any license proceedings, including United States Coast Guard proceedings, involving the plaintiff.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

Thomas J. Muzyka
BBO NO. 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand / mail / overnight mail, facsimile, on

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARRY BROOKS    ,                          CIVIL ACTION
        Plaintiff,                         NO: 05-11861-RGS

vs.


WOODS HOLE, MARTHA'S VINEYARD
AND NANTUCKET STEAMSHIP
AUTHORITY,
        Defendant.

<u>DEFENDANT'S REQUESTS FOR PRODUCTION OF</u>
<u>DOCUMENTS TO THE PLAINTIF</u>

Pursuant to Rule 34 of the Federal Rules of Civil

Procedure, the defendant requests the production of the

following documents and things by the plaintiff at the

offices of Clinton & Muzyka, P.C., One Washington Mall,

Suite 1400, Boston, Massachusetts (02108) within thirty

(30) days from receipt of this Request.

(a)    In accordance with Rule 34 (b), your written
       response shall state, with respect to each item
       or category, that inspection and related
       activities will be permitted as requested,
       unless the request is objected to, in which
       event the reasons for objection shall be stated.
       If objection is made to part of an item or
       category, the part shall be specified.

(b)    In accordance with Rule 34 (b), the documents
       shall be produced as they are kept in the usual
       course of business, or you shall organize and
       label them to correspond with the categories in
       the request.

(c)     Pursuant to Rule 34 (a), this request encompasses all items within your possession, custody or control.

(d)     Pursuant to Rule 26 (e), this request is continuing in character so as to require you to promptly amend or supplement your response if you obtain further  information.

(e)     If in responding to this request you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

As used in this request, the following terms are to be interpreted in accordance with these definitions:

(a)     In accordance with Rule 34 (a), the terms "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by or for you through detection devices into reasonably usable form.

## REQUESTS

1.     Any and all medical records that relate in any manner to the medical treatment received by the plaintiff as result of the alleged incident.  This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

2.     Any and all medical records concerning medical treatment received by the plaintiff prior to the incident, which relate in any manner to the injuries or ailments that the plaintiff allegedly sustained as result of the incident.  This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational)

records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

3.  Any and all medical records relating to the plaintiff for a period of ten (10) years prior to the incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

4.  Any and all medical bills or liens relating to the medical treatment received by the plaintiff as a result of the alleged incident.

5.  Any and all documents that relate in any manner to health insurance benefits or union health benefits provided to the plaintiff for the injuries allegedly sustained as a result of the alleged incident.  This includes, but is not limited to, applications, medical records, contracts, and summaries of coverage or benefits.

6.  Any an all documents that relate in any manner to health insurance benefits or union health benefits provided to the plaintiff for injuries or ailments he sustained during the five (5) years prior to the alleged incident.  This includes, but is not limited to, applications, medical records, contracts, and summaries of coverage or benefits.

7.  All any all documents that relate in any manner to benefits provided to the plaintiff by the Social Security Administration as a result of the alleged incident.  This includes, but is not limited to, applications, accountings, medical records, schedules, disability ratings, and summaries of coverage or benefits.

8.  Any and all documents that relate in any manner to benefits provided to the plaintiff by the Department of Assistance (Welfare) as a result of the alleged incident.  This includes, but is not limited to,

16. Any and all reports of government agencies including, but not limited to, the United States Coast Guard, in connection with the alleged incident.

17. All criminal, parole, and probation records relating to the plaintiff for the ten (10) years prior to the alleged incident.

18. All prescriptions and prescription records for medicine prescribed to the plaintiff as a result of the alleged incident.

19. All substance abuse records, examinations and evaluations concerning the plaintiff.

20. All documents relied upon in answering Defendant's Interrogatories.

21. A list of publications authored or co-authored by the experts identified in Plaintiff's Answers to Defendant's Interrogatories.

22. All curriculum vitaes and resumes of the experts identified in the Plaintiff's Answers to Defendant's Interrogatories.

23. All driver's licenses belonging to the plaintiff.

24. All certificates or licenses issued by any government agencies to the plaintiff.

25. All records concerning pension funds in which the plaintiff is a participant.

26. All passports, expired and valid, issued to the plaintiff.

27. All birth certificates of the plaintiff.

28. All Department of Transitional Assistance (Welfare) identification cards, health insurance identification cards, and union registration or membership cards issued to the plaintiff.

29. All business cards bearing the plaintiff's name or the name of his business.

30. All records and pleadings concerning past or pending legal actions concerning the plaintiff.

31. All personal logs, notes, diaries or other writings maintained by the plaintiff that relate in any manner to the alleged incident, the injuries he sustained as a result of the alleged incident, or the condition that allegedly caused the incident.

32. All expert reports, including all data and materials used by the expert to arrive at his opinions, concerning the subject matter of this litigation.

33. All signed and/or unsigned statements or statements recorded by mechanical and/or electronic means of any person that relate in any manner to the incident or the condition that allegedly caused the plaintiff's injury.

34. All photographs and video-recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

35. All charts, drawings, models, sketches, or other depictions concerning the subject matter of this litigation.

36. All audio and visual representations and/or recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

37. All physical evidence in the custody of or available to the plaintiff which is the subject matter of this litigation.

38. All exhibits and chalks which will be offered at the time of trial.

39. Any and all documents that support the plaintiff's loss of future earning capacity claim.

40.  Any and all documents that support the plaintiff's claim for lost wages.

41.  Any and all medical bills relating to the injuries sustained by the plaintiff.

42.  All status and fit for duty slips.

43.  All pre-employment physical examination reports or records relating to the plaintiff's employment with the defendant.

44.  All records concerning any license proceedings, including United States Coast Guard proceedings, involving the plaintiff.

By its attorneys,

CLINTON & MUZYKA, P.C.

Thomas J. Muzyka
BBO NO.  365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

CERTI........ OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by, hand, mail, overnight mail, facsimile, on _____