UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                  )
MARK LALIBERTE,                   )
     Plaintiff                    )
                                  )
v.                                )   Civil Action
                                  )   No. 05-11224-MLW
WOODS HOLE, MARTHA'S              )
VINEYARD AND NANTUCKET            )
STEAMSHIP AUTHORITY,              )
     Defendant                    )
_____ )
                                  )
BARRY BROOKS,                     )
     Plaintiff                    )
                                  )   Civil Action
v.                                )   No. 05-11861-MLW
                                  )
WOODS HOLE, MARTHA'S              )
VINEYARD AND NANTUCKET            )
STEAMSHIP AUTHORITY,              )
     Defendant                    )
_____ )
```

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE BARRY BROOKS FROM OFFERING ANY EVIDENCE CONCERNING THE NATURE AND EXTENT OF HIS POST-TRAUMATIC STRESS DISORDER SYMPTOMS**

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to preclude Barry Brooks from offering any evidence concerning the nature and extent of his Post-Traumatic Stress Disorder symptoms.

As grounds in support, the defendant submits the following for the Court's consideration.

BACKGROUND

On August 4, 2003, the plaintiffs were involved in an incident while serving onboard the M/V ISLANDER, which was owned and operated by the defendant. As a result of the incident, the plaintiffs brought these actions alleging Jones Act negligence, Unseaworthiness, Maintenance & Cure, and failure to provide Maintenance & Cure.[1] Both plaintiffs are seeking recovery for Post-Traumatic Stress Disorder, and Mr. Brooks is also seeking recovery for a pulmonary condition. Prior to the incident, Mr. Brooks had received significant psychiatric treatment for depression and anxiety.

On September 1, 2005, the defendant served its Requests for Production of Documents on the plaintiff.

Request No. 2 states:

> "Any and all medical records concerning medical treatment received by the plaintiff prior to the incident, which relate in any manner to the injuries or ailments that the plaintiff allegedly sustained as

---

[1] A vessel owner is obligated to provide a seaman who becomes ill or injured while in the service of its vessel maintenance and cure benefits. This is a no-fault obligation. Maintenance is a subsistence allowance designed to provide the seaman with compensation sufficient to pay for his food and lodging. Caufield v. AC&D Marine, Inc., 633 F.2d 1129 (5th Cir. 1981). Cure is the vessel owner's obligation to pay for reasonable medical expense. Vella v. Ford Motor Co., 421 U.S. 1 (1975). The obligation to provide maintenance and cure continues until the seaman reaches maximum medical improvement, which is a medical determination.

> a result of the incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical and occupational) records, chiropractic records, vocational evaluations, and records from any other type of medical practitioner or facility."[2]

On October 20, 2005, the plaintiff submitted his objections to the defendant's Requests for Production of Documents. Despite seeking recovery for Post-Traumatic Stress Disorder, the plaintiff objected to <u>Request No. 2</u> by stating:

> Objection. The Plaintiff's counsel objects to Request No. 3[sic] on the grounds that it seeks information protected by the psychiatrist-patient privilege and is not likely to lead to the discovery of admissible evidence.[3]

On December 14, 2005, Dr. Ronald Schouten examined Mr. Brooks on the defendant's behalf for the purpose of evaluating his alleged psychiatric condition. The examination revealed that Mr. Brooks had a "long history of depression and anxiety that predates the events of August 4, 2003." Because the medical records relating to his prior psychiatric treatment were not available at the time of his examination, Mr. Schouten was "unable to offer a complete opinion as to what, if any, of Mr. Brooks'

---

[2] The relevant pages of the defendant's Request for Production of Documents are attached hereto as Exhibit "A."

[3] *The relevant pages of the plaintiff's objections are attached hereto as Exhibits "B.".*

psychological symptoms were preexisting or can be attributed to the accident of August 4, 2003."[4]

On December 28, 2005, the defendant requested the plaintiff to produce the records requested by Dr. Schouten. Specifically, defense counsel stated:

> "this is to request any and all records relating in any manner to psychiatric treatment that Mr. Brooks received prior to the incident. This information is necessary in order to evaluate the defendant's ongoing maintenance and cure obligation, if any. If we do not receive the requested documentation within thirty (30) days, which is a reasonable time period, then we will have no alternative but to suspend Mr. Brooks' maintenance and cure benefits until such time as the documents are produced."[5]

The defendant never received a response.

ARGUMENT

As a result, in reaching his expert opinions, Dr. Schouten had to rely upon the information that Mr. Brooks provided at the examination concerning the nature and extent of his past psychiatric treatment. Mr. Brooks is not the most accurate source of information relating to his past psychiatric history. It is possible that the plaintiff's past psychiatric records contain highly relevant information. Without these records, Dr. Schouten

---

[4] See, correspondence from Dr. Schouten to defense counsel attached hereto as Exhibit "C."

[5] *See, correspondence from defense counsel to plaintiffs' counsel attached hereto as Exhibit "D."*

cannot fully assess the impact that the incident had to his pre-existing condition, and must assume that the plaintiff is an accurate historian.

The defendant is entitled to Mr. Brooks' past psychiatric records. The plaintiff has objected and failed to the produce these documents. Accordingly, the plaintiff should be precluded from offering any evidence concerning the nature and extent of his current Post-Traumatic Stress Disorder symptoms.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court to preclude Barry Brooks from offering any evidence concerning the nature and extent of his current Post-Traumatic Stress Disorder symptoms.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Thomas J. Muzyka__
Thomas J. Muzyka
BBO NO. 365540
Kenneth M. Chiarello
BBO NO. 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARRY BROOKS,
    Plaintiff,

vs.

WOODS HOLE, MARTHA'S VINEYARD
AND NANTUCKET STEAMSHIP
AUTHORITY,
    Defendant.

CIVIL ACTION
NO: 05-11861-RGS

### DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the defendant requests the production of the following documents and things by the plaintiff at the offices of Clinton & Muzyka, P.C., One Washington Mall, Suite 1400, Boston, Massachusetts (02108) within thirty (30) days from receipt of this Request.

    (a)    In accordance with Rule 34 (b), your written response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified.

    (b)    In accordance with Rule 34 (b), the documents shall be produced as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

(c) Pursuant to Rule 34 (a), this request encompasses all items within your possession, custody or control.

(d) Pursuant to Rule 26 (e), this request is continuing in character so as to require you to promptly amend or supplement your response if you obtain further information.

(e) If in responding to this request you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

DEFINITIONS

As used in this request, the following terms are to be interpreted in accordance with these definitions:

(a) In accordance with Rule 34 (a), the terms "document" or "documents" includes all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by or for you through detection devices into reasonably usable form.

REQUESTS

1. Any and all medical records that relate in any manner to the medical treatment received by the plaintiff as result of the alleged incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

2. Any and all medical records concerning medical treatment received by the plaintiff prior to the incident, which relate in any manner to the injuries or ailments that the plaintiff allegedly sustained as result of the incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational)

      records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

3. Any and all medical records relating to the plaintiff for a period of ten (10) years prior to the incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

4. Any and all medical bills or liens relating to the medical treatment received by the plaintiff as a result of the alleged incident.

5. Any and all documents that relate in any manner to health insurance benefits or union health benefits provided to the plaintiff for the injuries allegedly sustained as a result of the alleged incident. This includes, but is not limited to, applications, medical records, contracts, and summaries of coverage or benefits.

6. Any an all documents that relate in any manner to health insurance benefits or union health benefits provided to the plaintiff for injuries or ailments he sustained during the five (5) years prior to the alleged incident. This includes, but is not limited to, applications, medical records, contracts, and summaries of coverage or benefits.

7. All any all documents that relate in any manner to benefits provided to the plaintiff by the Social Security Administration as a result of the alleged incident. This includes, but is not limited to, applications, accountings, medical records, schedules, disability ratings, and summaries of coverage or benefits.

8. Any and all documents that relate in any manner to benefits provided to the plaintiff by the Department of Assistance (Welfare) as a result of the alleged incident. This includes, but is not limited to,

16. Any and all reports of government agencies including, but not limited to, the United States Coast Guard, in connection with the alleged incident.

17. All criminal, parole, and probation records relating to the plaintiff for the ten (10) years prior to the alleged incident.

18. All prescriptions and prescription records for medicine prescribed to the plaintiff as a result of the alleged incident.

19. All substance abuse records, examinations and evaluations concerning the plaintiff.

20. All documents relied upon in answering Defendant's Interrogatories.

21. A list of publications authored or co-authored by the experts identified in Plaintiff's Answers to Defendant's Interrogatories.

22. All curriculum vitaes and resumes of the experts identified in the Plaintiff's Answers to Defendant's Interrogatories.

23. All driver's licenses belonging to the plaintiff.

24. All certificates or licenses issued by any government agencies to the plaintiff.

25. All records concerning pension funds in which the plaintiff is a participant.

26. All passports, expired and valid, issued to the plaintiff.

27. All birth certificates of the plaintiff.

28. All Department of Transitional Assistance (Welfare) identification cards, health insurance identification cards, and union registration or membership cards issued to the plaintiff.

29. All business cards bearing the plaintiff's name or the name of his business.

30. All records and pleadings concerning past or pending legal actions concerning the plaintiff.

31. All personal logs, notes, diaries or other writings maintained by the plaintiff that relate in any manner to the alleged incident, the injuries he sustained as a result of the alleged incident, or the condition that allegedly caused the incident.

32. All expert reports, including all data and materials used by the expert to arrive at his opinions, concerning the subject matter of this litigation.

33. All signed and/or unsigned statements or statements recorded by mechanical and/or electronic means of any person that relate in any manner to the incident or the condition that allegedly caused the plaintiff's injury.

34. All photographs and video-recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

35. All charts, drawings, models, sketches, or other depictions concerning the subject matter of this litigation.

36. All audio and visual representations and/or recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

37. All physical evidence in the custody of or available to the plaintiff which is the subject matter of this litigation.

38. All exhibits and chalks which will be offered at the time of trial.

39. Any and all documents that support the plaintiff's loss of future earning capacity claim.

7

40. Any and all documents that support the plaintiff's claim for lost wages.

41. Any and all medical bills relating to the injuries sustained by the plaintiff.

42. All status and fit for duty slips.

43. All pre-employment physical examination reports or records relating to the plaintiff's employment with the defendant.

44. All records concerning any license proceedings, including United States Coast Guard proceedings, involving the plaintiff.

By its attorneys,

CLINTON & MUZYKA, P.C.

*/s/ Kenneth Chiarello*
Thomas J. Muzyka
BBO NO. 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand, mail, overnight mail, facsimile, on _____ /s/ Kenneth Chiarello

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY BROOKS,<br>  Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY,<br>  Defendant | Civil Action<br><br>No. 05-11861-RGS<br><br>RECEIVED<br>OCT 2 1 2005<br>CLINTON & MUZYKA, P.C. |

### PLAINTIFF'S OBJECTIONS TO
### DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Request #2. Any and all medical records concerning medical treatment received by the plaintiff prior to the incident, which relate in any manner to the injuries or ailments that the plaintiff allegedly sustained as a result of the incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

Response #2. Objection. The Plaintiff's counsel objects to Request #3 on the grounds that is seeks information protected by the psychiatrist-patient privilege and is not likely to lead to the discovery of admissible information.

Request #3. Any and all medical records relating to the plaintiff for a period of ten (10) years prior to the incident. This includes, but is not limited to, hospital records, physician records, therapy (social, speech, physical, and occupational) records, chiropractic records, vocational evaluations, rehabilitation records, pain management records, and records from any other type of medical practitioner or facility.

Response #3. Objection. The Plaintiff's counsel objects to Request #3 on the grounds that it is overly broad and includes requests for personal medical information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information and seeks information protected by the psychiatrist-patient privilege.

Request #36   All audio and visual representations and/or recordings of the location of the incident, the injuries allegedly sustained by the plaintiff, the condition that allegedly caused the plaintiff's injury, or other items relevant to the subject matter of this litigation.

Request #36   Objection. The Plaintiff's counsel objects to Request #36 on the grounds that it is seeks the production of documents protected from discovery by the attorney work-product doctrine and Federal Rules of Civil Procedure.

Request #37   All physical evidence in the custody of or available to the plaintiff which is the subject matter of this litigation.

Response #37   Objection. The Plaintiff's counsel objects to Request #37 on the grounds that it seeks the production of documents protected from discovery by the attorney work-product doctrine and Federal Rules of Civil Procedure.

Request #38   All exhibits and chalks which will be offered at the time of trial.

Response #38   Objection. The Plaintiff's counsel objects to Request #38 on the grounds that it is premature and inconsistent with the Federal Rules of Civil Procedure.

Request #44.   All records concerning any license proceedings, including United States Coast Guard proceedings, involving the plaintiff.

Response #44.   Objection. The Plaintiff objects to Request #44 on the grounds that is overly broad, not relevant to this action and not reasonably calculated to lead to the discovery of admissible information.

> Respectfully submitted,
> Barry Brooks, Plaintiff,
> By his attorneys,
>
> *[signature]*
>
> David F. Anderson
> BBO #560994
> Carolyn M. Latti
> BBO #567394
> Latti & Anderson LLP
> 30-31 Union Wharf
> Boston, MA 02109
> (617) 523-1000

Dated: October 20, 2005

6

 

Law & Psychiatry Service
55 Fruit Street
WACC 805
Boston, Massachusetts 02114-2621
Tel: 617.726.5195, Fax: 617.724.2808
Email: rschouten@partners.org

Ronald Schouten, M.D., J.D.
*Director, Law & Psychiatry Service*
*Associate Professor of Psychiatry*
*Harvard Medical School*

December 23, 2005

Kenneth M. Chiarello, Esq.
Clinton & Muzyka
One Washington Mall
Boston, MA 02108

Re: <u>Barry Brooks</u> v. <u>Woods Hole, Martha's Vineyard & Nantucket Steamship Authority</u>

Dear Mr. Chiarello:

At your request, I reviewed the medical records of Mr. Barry Brooks and examined him in my office at the Massachusetts General Hospital. The examination was conducted on December 14, 2005 and lasted 2.75 hours. The purpose of the medical record review and examination of Mr. Brooks was to assess his current mental state and to determine the extent to which his current conditions relate to the accident that occurred on August 4, 2003.

Mr. Brooks' medical records indicate that he has a long history of depression and anxiety that predates the events of August 4, 2003. Dr. Dietz's notes diagnose Mr. Brooks as suffering from "chronic depression" prior to the accident in question and contain references to a number of mental health professionals who treated Mr. Brooks for these conditions. Those clinicians include Dr. Tokarz, an unnamed psychiatrist at Beth Israel Hospital, Dr. Dimitri, Dr. Ianzito, and Dr. Alexander.

I have received no records from any of these clinicians. As a result, I am unable to offer a complete opinion as to what, if any, of Mr. Brooks' psychological symptoms were preexisting or can be attributed to the accident of August 4, 2003. Please provide me with copies of records from the clinicians listed above as soon as possible, so that I can complete my evaluation.

Thank you.

Yours truly,

Ronald Schouten, M.D., J.D.


A Teaching Affiliate
of Harvard Medical School

PARTNERS. HealthCare System Member

# CLINTON & MUZYKA, P.C.

ONE WASHINGTON MALL, SUITE 1400

BOSTON, MA 02108

617.723.9165 TEL

617.720.3489 FAX

KCHIARELLO@CLINMUZYKA.COM

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| David Anderson<br>Carolyn Latti | Kenneth M. Chiarello |
| COMPANY:<br>Latti & Anderson, LLP | DATE:<br>December 28, 2005 |
| FAX NUMBER:<br>617-523-7394 | TOTAL NO. OF PAGES INCLUDING COVER:<br>3 |
| PHONE NUMBER:<br>617-523-1000 | SENDERS REFERENCE NO: |

**Re:** Barry Brooks vs. Woods Hole,
Martha's Vineyard & Nantucket
Steamship Authority
<u>Civil Action No: 05-11861-RGS</u>

Dear Attorneys Anderson & Latti:

    In reference to the above-matter, please find enclosed herewith Dr. Ronald Schouten's December 23, 2005 correspondent to our office. As indicated therein, Dr. Schouten cannot complete his evaluation until all of Mr. Brooks' prior psychiatric records are produced. Accordingly, this is to request any and all records relating in any manner to psychiatric treatment that Mr. Brooks received prior to the incident. This information is necessary in order to evaluate the defendant's ongoing maintenance and cure obligation, if any. If we do not receive the requested documentation within thirty (30) days, which is a reasonable time period, then we will have no alternative but to suspend Mr. Brooks' maintenance and cure benefits until such time as the documents are produced.

    If you have any questions concerning the above, please do not hesitate to contact the undersigned.

Very truly yours,

*Kenneth M. Chiarello*

**MASSACHUSETTS GENERAL HOSPITAL**

**HARVARD MEDICAL SCHOOL**

Law & Psychiatry Service
55 Fruit Street
WACC 805
Boston, Massachusetts 02114-2621
Tel: 617.726.5195, Fax: 617.724.2808
Email: rschouten@partners.org

Ronald Schouten, M.D., J.D.
*Director, Law & Psychiatry Service*
*Associate Professor of Psychiatry*
*Harvard Medical School*

December 23, 2005

Kenneth M. Chiarello, Esq.
Clinton & Muzyka
One Washington Mall
Boston, MA 02108

Re:   Barry Brooks v. Woods Hole, Martha's Vineyard & Nantucket Steamship Authority

Dear Mr. Chiarello:

At your request, I reviewed the medical records of Mr. Barry Brooks and examined him in my office at the Massachusetts General Hospital. The examination was conducted on December 14, 2005 and lasted 2.75 hours. The purpose of the medical record review and examination of Mr. Brooks was to assess his current mental state and to determine the extent to which his current conditions relate to the accident that occurred on August 4, 2003.

Mr. Brooks' medical records indicate that he has a long history of depression and anxiety that predates the events of August 4, 2003. Dr. Dietz's notes diagnose Mr. Brooks as suffering from "chronic depression" prior to the accident in question and contain references to a number of mental health professionals who treated Mr. Brooks for these conditions. Those clinicians include Dr. Tokarz, an unnamed psychiatrist at Beth Israel Hospital, Dr. Dimitri, Dr. Ianzito, and Dr. Alexander.

I have received no records from any of these clinicians. As a result, I am unable to offer a complete opinion as to what, if any, of Mr. Brooks' psychological symptoms were preexisting or can be attributed to the accident of August 4, 2003. Please provide me with copies of records from the clinicians listed above as soon as possible, so that I can complete my evaluation.

Thank you.

Yours truly,

*Ronald Schouten*

Ronald Schouten, M.D., J.D.


A Teaching Affiliate
of Harvard Medical School

**PARTNERS** HealthCare System Member

P. 1

| TRANSMISSION REPORT | |
|---|---|

(WED) DEC 28 2005 14:05

```
Account Name    :
DESTINATION     : 16175237394              DOCUMENT#    : 6337455-031
DEST. NUMBER    : 16175237394              TIME STORED  : DEC 28 14:04
                                           TIME SENT    : DEC 28 14:04
F CODE          :                          DURATION     : 27sec
                                           MODE         : ECM

PAGES           : 3 sheets
RESULT          : OK
```

# CLINTON & MUZYKA, P.C.
## ONE WASHINGTON MALL, SUITE 1400
## BOSTON, MA 02108
### 617.723.9165 TEL
### 617.720.3489 FAX
#### KCHIARELLO@CLINMUZYKA.COM

# FACSIMILE TRANSMITTAL SHEET

| TO: David Anderson, Carolyn Latti | FROM: Kenneth M. Chiarello |
|---|---|
| COMPANY: Latti & Anderson, LLP | DATE: December 28, 2005 |
| FAX NUMBER: 617-523-7394 | TOTAL NO. OF PAGES INCLUDING COVER: 3 |
| PHONE NUMBER: 617-523-1000 | SENDERS REFERENCE NO: |

Re:   Barry Brooks vs. Woods Hole,
      Martha's Vineyard & Nantucket
      Steamship Authority
      <u>Civil Action No: 05-11861-RGS</u>

Dear Attorneys Anderson & Latti:

In reference to the above-matter, please find enclosed herewith Dr. Ronald Schouten's December 23, 2005 correspondent to our office. As indicated therein, Dr. Schouten cannot complete his evaluation until all of Mr.