UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
MARK LALIBERTE,                )
     Plaintiff                 )
                               )
V.                             )     Civil Action
                               )     No. 05-11224-MLW
WOODS HOLE, MARTHA'S           )
VINEYARD AND NANTUCKET         )
STEAMSHIP AUTHORITY,           )
     Defendant                 )
_____)
                               )
BARRY BROOKS,                  )
     Plaintiff                 )
                               )     Civil Action
V.                             )     No. 05-11861-MLW
                               )
WOODS HOLE, MARTHA'S           )
VINEYARD AND NANTUCKET         )
STEAMSHIP AUTHORITY,           )
     Defendant                 )
_____)
```

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE THE PLAINTIFFS FROM OFFERING ANY EVIDENCE OF JONES ACT NEGLIGENCE AND UNSEAWORTHINESS**

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to preclude the plaintiffs from offering any evidence of Jones Act negligence and Unseaworthiness.

As grounds in support, the defendant submits the following for the Court's consideration.

BACKGROUND

On August 4, 2003, the plaintiffs were involved in an incident while serving onboard the M/V ISLANDER, which was owned and operated by the defendant. As a result of the incident, the plaintiffs brought these actions alleging Jones Act negligence, Unseaworthiness, Maintenance & Cure, and failure to provide Maintenance & Cure. The defendant has stipulated to a finding in favor of the plaintiffs on their Jones Act negligence and Unseaworthiness claims (Counts I & II).

ARGUMENT

The plaintiffs should be precluded from offering any evidence of Jones Act negligence and Unseaworthiness in light of the defendant's stipulation on liability. Although the Jones Act and General Maritime Law have adopted the doctrine of comparative fault, this is not a case where the jury will be comparing the fault of two (2) negligent parties. Because the defendant has stipulated to liability, the jury will only be required to assess the plaintiffs' percentage at fault. It is not necessary for the jury to hear evidence of liability in order to determine the plaintiffs' percentages at fault.

The defendant alleges that Mr. LaLiberte was negligent for failing to follow the proper procedure for

releasing the lines connecting the rescue boat to the M/V ISLANDER.  Based upon this theory of contributory negligence, it will be necessary for the jury to hear evidence concerning the defendant's procedures for releasing the rescue boat, the training or instructions he received by the defendant prior to the incident, and his past experiences.  All other evidence, including evidence of liability, is completely irrelevant and should properly be excluded pursuant to Rule 402 of the Federal Rules of Civil Procedure.

As for Mr. Brooks, the defendant contends that he is contributory at fault for failing to properly don his life-jacket.  Common sense dictates that a seaman licensed by the U.S. Coast Guard will, before performing a drill requiring him to go over the side of the vessel, properly secure his life jacket.  Based upon this theory of contributory fault, the jury does not need to hear any evidence of liability.  The jury will be able to make the necessary determination based upon his actions alone.  The defendant's actions leading up to the incident, as well as any evidence of negligence, are completely irrelevant on the asserted contributory negligence theory and should properly be excluded under Rule 402.

Additionally, allowing the plaintiff to introduce evidence of liability will be a waste of time. The defendant believes that the plaintiffs intend to call approximately three (3) to four (4) witnesses to establish liability, which will likely waste a full day of trial. There is no need to delay the trial any further and allow the plaintiffs to introduce needless and cumulative evidence. In addition to Rule 402, any evidence of liability should be excluded under Rule 403.

**WHEREFORE**, the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, prays that this Honorable Court preclude the plaintiffs from offering any evidence of Jones Act negligence and Unseaworthiness.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/ Thomas J. Muzyka__
Thomas J. Muzyka
BBO NO. 365540
Kenneth M. Chiarello
BBO NO. 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165