UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                 )
MARK LALIBERTE,                  )
     Plaintiff                   )
                                 )
V.                               )    Civil Action
                                 )    No. 05-11224-MLW
WOODS HOLE, MARTHA'S             )
VINEYARD AND NANTUCKET           )
STEAMSHIP AUTHORITY,             )
     Defendant                   )
_____)
                                 )
BARRY BROOKS,                    )
     Plaintiff                   )
                                 )    Civil Action
V.                               )    No. 05-11861-MLW
                                 )
WOODS HOLE, MARTHA'S             )
VINEYARD AND NANTUCKET           )
STEAMSHIP AUTHORITY,             )
     Defendant                   )
_____)
```

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Now comes the defendant, Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, in the above-entitled actions, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully requests that this Honorable Court charge the jury with the following instructions.

General . . . . . . . . . . . . . . . . . . . 1-10

Ordinary Risks & Hazards . . . . . . . . 11-13

Negligence Per Se . . . . . . . . . . . 14-16

Comparative Fault . . . . . . . . . . . . 17-28

Maintenance & Cure . . . . . . . . . . .  29-37

Damages . . . . . . . . . . . . . . . . . 38-50

By its attorneys,

**CLINTON & MUZYKA, P.C.**


<u>"/s/ Thomas J. Muzyka"</u>
Thomas J. Muzyka
BBO No: 365540
Kenneth M. Chiarello
BBO No: 639274
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

## **INSTRUCTION #1**

"The Jones Act standard of care, applicable to both employers and seaman, is ordinary prudence under the circumstances."

<u>Gautreaux v. Scurlock Marine, Inc.</u>
107 F.3d 331 (5th Cir. 1997)

**<u>INSTRUCTION #2</u>**

"A Jones Act employer is not an insurer of a seaman's safety; the mere occurrence of injury does not establish liability."

<u>Marvin v. Central Gulf Lines, Inc</u>.
554 F.2d 1295 (C.A.La. 1977)

## INSTRUCTION #3

The defendant's duty to maintain a safe workplace does not require all dangers to be eradicated, but it does demand the elimination of those that can reasonably be avoided in light of the normal requirements of the job.

Stevens v. Bangor & Aroostook Railroad Company
97 F.3d 594 (1st Cir. 1996)

## **INSTRUCTION #4**

"The owner of a vessel is not required to furnish an
accident-free ship.  The duty of the owner is only to
furnish a vessel and appurtenances reasonably fit for their
intended use and a crew that is reasonably adequate for
their assigned tasks.

Bommarito v. Penrod Drilling Corp.
929 F.2s 186 (5th Cir. 1991)

**<u>INSTRUCTION #5</u>**

"A vessel is not called upon to have the best appliances and
equipment, or the finest of crews, but only such gear that
is reasonably proper and suitable for its intended use and a
crew that is reasonably adequate."

<u>Bommarito v. Penrod Drilling Corp</u>.
929 F.2s 186 (5th Cir. 1991)

## INSTRUCTION #6

The warranty of seaworthiness does not require that a seaman
be furnished an accident-proof ship, nor does it make the
shipowner an insurer of the seaman's safety.

<u>Mitchell v. Trawler Racer, Inc.</u>
362 U.S. 539 (1960)

## INSTRUCTION #7

The standard under the warranty of seaworthiness is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm or withstand every peril of the sea, but a vessel reasonably suitable for her intended service.

Boudin v. Lykes Brothers Steamship Co., Inc.
350 U.S. 811 (1955)

## INSTRUCTION #8

A vessel owner has no duty to train licensed seamen regarding obvious tasks or operations, such as properly donning a life jacket, which are so common that they are almost universally known.

<u>Johnson v. Arctic Storm, Inc.</u>
2003 WL 24043985 (W.D.Wash), 99 Fed.Appx. 799 (9th Cir. 2004

## <u>INSTRUCTION #9</u>

The defendant is not liable merely because a seaman has been injured.  If a seaman is injured as a result of the normal hazards or risks of the business in which he is engaged, he is not entitled to recover any damages from the defendant.

<u>Rush v. Cargo Ships and Tankers</u>
360 F.2d 766 (2nd Cir. 1966)

<u>Massey v. William-McWilliams</u>
414 F.2d 675 (5th Cir. 1969)

<u>Bilger v. Maritime Overseas Corp.</u>
304 F.Supp. 1024 (N.D. Cal. 1969)

## INSTRUCTION #10

A vessel owner is not a guarantor of a seaman's safety.

<u>Tate v. A/B Svenska Amerika Line</u>
331 F.Supp. 584 (E.D. La. 1970)
Aff'd 435 F.2d 172 (5th Cir. 1970)

## INSTRUCTION #11

There are inevitable hazards in going to sea, hazards
which are not occasioned by fault, that have to be borne
by seaman.

Massey v. William-McWilliams
414 F.2d 675 (5th Cir. 1969)

Bilger v. Maritime Overseas Corp.
304 F. Supp. 1024 (N.D. Cal. 1969)

## INSTRUCTION #12

It is a fact of common knowledge that, in almost every occupation aboard ship, there is some inherent and unavoidable risk, which does not arise out of fault.  A seaman, when he enters upon his calling, must assume all inherent and unavoidable risks of his occupation, as all persons must; and no person may recover for injuries resulting solely from such inherent and unavoidable risks.

Mitchell v. Trawler Racer
362 U.S. 539, 550, S.Ct. 926, 933, 4 L.Ed.2 941 (1960)

## INSTRUCTION #13

When the plaintiffs joined the defendant's vessel, they
accepted all of the obvious and well-known risks of their
calling.

Roberts v. United Fisheries Vessels Co.
141 F.2d 288 (1st Cir. 1944)

## INSTRUCTION #14

For a violation of a safety statute to be relevant to
these facts, the plaintiffs must prove that (1) the
defendant violated a safety statute, (2) the decedents
were in the class of intended beneficiaries of the safety
statute, (3) the decedents sustained injuries of a type
against which the statutes are designed to protect, (4)
the defendant was not excused for the violation, and (5)
the violation was the cause of the harm sustained by the
decedents.

<u>Fuszek v. Royal King Fisheries, Inc.</u>
98 F.3d 514 (9th Cir. 1996)

## <u>INSTRUCTION #15</u>

Compliance with regulations is excused in instances of emergency of where compliance would be more dangerous than non-compliance.

<u>Smith v. Trans-World Drilling, Co.</u>
772 F.2d 157, 161 (5th Cir. 1985)

<u>Pilare v. Matson Navigation Company</u>
2006 WL 3533030 (N.D.Cal.)

## INSTRUCTION #16

The plaintiffs are charged with the responsibility of proving that the statute allegedly violated by the defendant was "designed to protect against the type of injury" that they suffered, and further that their injuries resulted as a consequence of the alleged violation.

<u>Moody v. Boston & Maine Corp</u>.
921 F.2d 1, 4 (1st Cir. 1990)

## INSTRUCTION #17

"Contributory negligence has been defined as the failure to use due care for one's own safety – that is, the care that a reasonably prudent person would have exercised under the circumstances.  Every person, the plaintiffs included, has a legal duty to make reasonable use of his own senses in order to avoid injury to himself, and failure to do so is contributory negligence as a matter of law.  A reasonable person exercises due care with respect to his work place and working methods and may not act in disregard of his own safety."

Koerner v. Club Mediterranee
833 F.Supp. 327 (S.D.N.Y. 1993)

## INSTRUCTION #18

Contributory negligence has been defined as the failure to use due care for one's own safety.

Karvelis v. Constellation Lines, S.A.
806 F.2d 49 (2nd Cir. 1986)

### INSTRUCTION #19

"A plaintiff is contributorily negligent when his conduct
falls below the standard to which he is required to
conform for his own protection.  That standard is that of
a reasonable person under like circumstances.  Plaintiff's
negligence is 'disregard for his own safety and not
necessarily such as threatens to invade any of defendant's
legal rights.  Contributory negligence does not involve
breach of any duty owed to others but, rather a failure
reasonably to safeguard one's own person or property.
Failure to act as one should may constitute contributory
negligence."

S.C. Loveland, Inc. v. East West Towing, Inc.
608 F.2d 160 (5th Cir. 1979)

## INSTRUCTION #20

"Generally, it has been said that contributory negligence is the neglect of the duty imposed upon a person to exercise ordinary care for his own protection and safety which is a legally contributing cause of an injury.  In determining whether an injured person has been guilty of contributory negligence the standard of conduct to which he must conform is that of a reasonably prudent person under the circumstances.  If a person by his own action subjects himself unnecessarily to danger which should have been anticipated and is injured thereby he is guilty of contributory negligence.  But this does not mean that the burden must be discharged by the defendant's own evidence, for he may avail himself of any evidence supplied by the plaintiff which bears on the issue, and contributory negligence may in fact be established by the plaintiff's evidence alone."

Mroz v. Dravo Corporation
429 F.2d 1156 (3rd Cir. 1970)

Wilson v. Twin Rivers Towing Co.
413 F.Supp. 154 (W.D.Pa. 1976)

## INSTRUCTION #21

If you find that the plaintiffs were contributory negligent, you will state that percentage by which their negligence contributed to their injuries separately.

United States vs. Reliable Transfer Co.
421 U.S. 397 (1975)

## INSTRUCTION #22

As experienced seamen, the plaintiffs had a continuing
duty to exercise ordinary care in selecting a safe manner
of working when one was readily available.  Their failure
to do so presents a basis for a finding of contributory
negligence.

Hussein v. Isthmian Lines. Inc.
405 F.2d 946 (5th Cir. 1968)

Nicroli v. Den Norske etc.
332 F.2d 651 (2nd Cir. 1964)

## <u>INSTRUCTION #23</u>

If you find that the plaintiffs chose to perform tasks in a manner that placed them or their crew in danger, then you must find that they were contributory negligent in causing their own injuries.

<u>Wilson v. Maritime Overseas Corp.</u>
150 F.3d 1 (1st Cir. 1998)

<u>Burden v. Evansville Materials, Inc.</u>
840 F.2d 343 (6th Cir. 1988)

### INSTRUCTION #24

It cannot be said that it is ordinarily presumed or intended that a seaman aboard ship will perform his tasks or conduct himself negligently.  Therefore, it is not the duty of the vessel owner to provide a ship which is safe for the negligent seaman.  The vessel owner must only provide a ship reasonably safe for the seaman who exercises ordinary care.

Tarabochia v. Johnson Line, Inc,
440 P.2d 187, 1968 AMC 1167 (Wash. 1968)

## INSTRUCTION #25

Contributory negligence is a failure on the part of the
plaintiff himself to use the care and skill of a
reasonable competent crewmember and seaman under the
circumstances for his own safety at the time and place in
question.  It is the fault on the part of the plaintiff
which cooperates in some degree with the negligence of
another to produce the injury complained.  It may consist
of acts of omission or commission.

<u>Alverez v. J. Ray McDermott and Co.</u>
674 F.2d 1037 (5th Cir. 1982)

## <u>INSTRUCTION #26</u>

The plaintiffs are deemed to be comparatively at fault for
their injuries if their actions or failure to act played
any part, even the slightest, in producing the injuries
for which they seek damages.

<u>Norfolk Southern Railway Co. v. Sorrell</u>
127 S.Ct. 799, 166 L.Ed.2d 638 (2007)

## INSTRUCTION #27

If you find that the plaintiffs' injuries were due in part to their own failure to act as reasonable and prudent seamen, then any finding for the plaintiffs will be reduced by an appropriate discount for such conditions.

Evans v. S.J. Groves and Sons Co.
315 F.2d 335 (2nd Cir. 1963)

## INSTRUCTION #28

If you find that the plaintiffs were contributory
negligent, that will not prevent recovery from the
plaintiffs.  It only reduces the amount of plaintiffs'
recovery.  In other words, if you find that the accident
was due partly to the fault of the decedents – that their
own negligence was, for example, 10% responsible for their
deaths – then you will fill in that percentage as your
finding on the special verdict form I will explain in a
moment.  I will then reduce the plaintiffs' total damages
by the percentage that you insert.  Of course, by using
the number 10% as an example, I do not mean to suggest to
you any specific figure.  If you find that the decedents
were negligent, you might find any amount from 1% to 99%.

Pattern Jury Instructions
United States District Court, District of Maine

## INSTRUCTION #29

Maintenance and cure is the traditional form of compensation paid to a seaman who becomes ill or injured aboard a vessel.  The duty of paying maintenance and cure falls to the owner of the vessel.

<u>Whitman v. Miles</u>
387 F.3d 68, 71-72 (1st Cir. 2004)

## INSTRUCTION #30

Maintenance is the payment by a shipowner to seaman for the seaman's food or lodging expenses incurred while he is ashore as a result of illness or accident.  Cure is the right to necessary medical expenses incurred during the period of recovery.

Whitman v. Miles
387 F.3d 68, 71-72 (1st Cir. 2004)

## <u>INSTRUCTION #31</u>

A vessel owner's obligation to furnish maintenance and cure continues until the seaman's condition reaches maximum medical improvement. When a seaman's condition has stabilized and further progress ended short of a full recovery, the seaman is no longer entitled to maintenance and cure.

<u>Whitman v. Miles</u>
387 F.3d 68, 71-72 (1st Cir. 2004)

## INSTRUCTION #32

If you find that the plaintiffs are entitled to additional payments for maintenance, you cannot award them more than $35.00 per day.

*Agreement Between the Woods Hole, Martha's Vineyard & Nantucket Steamship Authoirty and the Southeast Massachusetts Maritime Employees Association*

## INSTRUCTION #33

Corollary to the defendant's obligation to provide
maintenance and cure is the ship is the defendant's
entitled to monitor the seaman's medical condition to
determine when cure has occurred.

Rowan Cos. V. Griffin
876 F.2d 26, 28 (5th Cir. 1989)

## INSTRUCTION #34

It is a seaman's burden to produce the documentation
necessary to support his claim for maintenance and cure
benefits, and to attend scheduled Independent Medical
Examinations.

<u>Rowan Cos. V. Griffin</u>
876 F.2d 26, 28 (5th Cir. 1989)

<u>McWilliams v. Texaco, Inc.</u>
781 F.2d 514, 519 (5th Cir. 1986)

<u>Gregg v. Weeks Marine, Inc</u>.
2000 WL 687719 (E.D.La.)

## INSTRUCTION #35

Although a vessel owners owes maintenance and cure to
seaman who becomes ill or injured while in the service of
its vessel, the vessel owner need not immediately commence
payments.  The vessel owner is entitled to investigate and
require corroboration of the claim.

Morales v. Garijak, Inc.
829 F.2d 1355, 1358 (5th Cir. 1987)

Proshee v. Tidewater Marine, Inc.
927 F.Supp. 959 (E.D.La. 1996)

## INSTRUCTION #36

In order to prove their failure to pay maintenance and
cure claim, the plaintiffs have the burden of establishing
that the defendant was callous, willful, or recalcitrant
in withholding maintenance and cure payments.

Whitman v. Miles
387 F.3d 68, 71-72 (1st Cir. 2004)

## INSTRUCTION #37

Punitive damages are not recoverable in an action under
General Maritime Law for willful failure to pay
maintenance and cure.

Miles v. Apex Marine Corp.
498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990)

Guevara v. Maritime Overseas Corp.
59 F.3d 1496 (5th Cir. 1995)

Glynn v. Roy Al Boat Management Corp.
57 F.3d 1495 (9th Cir. 1995)

## INSTRUCTION #38

In determining the amount of damages recoverable by the
plaintiff, you should not assume that any damages are
recoverable.  Damages must be proven by plaintiff by a
preponderance of the evidence.  If you find that plaintiff
has failed to prove by a preponderance of the evidence a
particular claimed element of damages, you may not make
any award of damages for that type of loss.  Similarly, if
you find that plaintiff has failed to prove any damages,
you may find that no damages are recoverable.

DoCarmo v. F.V. Pilgrim I Corp.
612 F.2d 11 (1st Cir. 1979)

## INSTRUCTION #39

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for the plaintiff's damages. Compensatory damages are not allowed as a punishment against the defendant.  Such damages cannot be based on speculation, for it is only actual damages – what the law calls compensatory damages – that are recoverable.

<u>Miles v. Apex Marine Corporation</u>
99 U.S. 19 (1990)

## <u>INSTRUCTION #40</u>

"While great power is vested in a jury, right of jury to
fix amount of damages is not arbitrary or unlimited.  Even
though there is no specific rule by which damages for pain
and suffering are to be found, they may not be determined
by speculation, passion or prejudice.  Damages must be
reasonable."

<u>Filkins v. McAllister Brothers, Inc.</u>
695 F.Supp 845 (E.D.Va. 1988)

## INSTRUction #41

"In considering the amount of an award, it must be
remembered that the verdict is not subject to federal or
state income taxes.  Particularly in attempting to
calculate a sum for lost wages, it must be remembered that
the injured worker's lost wages would have been diminished
by state and federal income taxes.  Moreover, workers
often incur unreimbursed costs, such as transportation to
work and uniforms, that the injured worker will not incur.
Hence, the first stage in calculating an appropriate award
for lost earnings is a determinator of what the earnings
would have been."

Filkins v. McAllister Brothers, Inc.
695 F.Supp 845 (E.D.Va. 1988)

## INSTRUCTION #42

You may not base your verdict, either on liability or damages, upon sympathy for the plaintiffs.

<u>Pearsall v. Emhart Industries, Inc.</u>
99 F.Supp. 267 (D.PA 1984)

<u>Laaperi v. Sears Roebuck & Co., Inc</u>.
787 F.2d 726 (1st Cir.1986)

## INSTRUCTION #43

You may award a sum to compensate the plaintiffs for any conscious pain and suffering suffered by the decedent's as a result of the defendant's actions.  Even though it is obviously difficult to establish a standard of measurement for these damages, that recovery is not grounds for denying a recovery on this element of damages.  You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, attempting to come to a conclusion that will be fair and just to all of the parties.

Pattern Jury Instructions
U.S. District Court, District of Maine

## INSTRUCTION #44

Any verdict you might award the plaintiffs are not
subject to taxes under the federal or state income tax
laws.

Norfolk & Western R.R. Co, v. Liepelt. Adm.
444 U.S. 490, 100 S.Ct. 755, 62 L.Ed. 2689 (1980)

Domeracki v. Humble Oil & Refining Co.
443 F.2d 1245, 1251 (3rd Cir. 1971)

## INSTRUCTION #45

A jury may not abandon analysis for sympathy for a
suffering fisherman and treat an injury or death as though
it were a winning lottery ticket.

Scala v. Moore McCormack Lines, Inc.
985 F.2d 680 (2nd Cir. 1993)

## <u>INSTRUCTIONS #46</u>

Damages must not be enlarged so as to constitute either a gift or a windfall to the plaintiff or a punishment or penalty to the defendant.  The only purpose of damages is to award reasonable compensation.  You must not award speculative damages, that is, damages for future losses that, although they may be possible, are wholly remote or conjectural.

Pattern Jury Instructions
United States District Court, District of Maine

## INSTRUCTION #47

If you find that the defendant is liable, you must award
the amount you find by a preponderance of the evidence as
full and just compensation for the plaintiff's damages.
Compensatory damages are not allowed as a punishment
against the defendant.  Such damages cannot be based on
speculation, for it is only actual damages – what the law
calls compensatory damages – that are recoverable.

Miles v. Apex Marine Corporation
99 U.S. 19 (1990)

## <u>INSTRUCTION #48</u>

Although determination of damages for loss of future
earning capacity often involves a host of uncertain
contingencies, the verdict must still have its basis in
evidence, not conjecture.

<u>Wilburn v. Maritrans GP, Inc.</u>
139 F.3d 350 (3rd Cir. 1998)

## INSTRUCTION #49

While determination of present value of damages for loss of future earnings is job for jury rather than Court in Jones Act action, seaman has burden to produce evidence permitting rational reduction to present value.

Wilburn v. Maritrans GP, Inc.
139 F.3d 350 (3rd Cir. 1998)

## INSTRUCTION #50

In respect to the claims asserted by Mark LaLiberte, the defendant is entitled to a $45,000.00 set-off against any award for lost wages or maintenance and cure.

England v. Reinauer Transportation Co.
194 F.3d 265, 273 (1st Cir. 1999)

Davis v. Odeco, Inc.
18 F.3d 1237, 1245 (5th Cir. 1994)