UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
MARK LALIBERTE,                    )
     Plaintiff                     )
                                   )
V.                                 )   Civil Action
                                   )   No. 05-11224-MLW
WOODS HOLE, MARTHA'S               )
VINEYARD AND NANTUCKET             )
STEAMSHIP AUTHORITY,               )
     Defendant                     )
_____)
                                   )
BARRY BROOKS,                      )
     Plaintiff                     )
                                   )   Civil Action
V.                                 )   No. 05-11861-MLW
                                   )
WOODS HOLE, MARTHA'S               )
VINEYARD AND NANTUCKET             )
STEAMSHIP AUTHORITY,               )
     Defendant                     )
_____)
```

**JOINT PRE-TRIAL MEMORANDUM**

Now come the parties, in the above-entitled action, by and through their undersigned counsel, and respectfully submit their Final Joint Pre-Trial Memorandum pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure.

**1.   CONCISE SUMMARY OF THE EVIDENCE**

  A.   Plaintiff

These cases arise from the near death drowning of Plaintiff Barry Brooks while engaged in a lifeboat drill while employed by the Defendant. On August 4, 2004

the ferry M/V ISLANDER was engaged in a man overboard drill pursuant to a USCG inspection. The dummy was thrown overboard, and the crew was notified. The Plaintiff's Brooks and Laliberte reported to there stations at the lifeboat door. The ferry came to a stop, the lifeboat was lowered from the upper deck. Brooks and LaLiberte received the signal from the bosun to enter the lifeboat and did so. Once in the lifeboat Brooks attempted to start the engine while Laliberte began to disconnect the lines. Unfortunately Brooks was unable to start and engine. Suddenly the ferry started reversing direction dragging the attached lifeboat behind. The lifeboat overturned and Brooks and Laliberte were thrown into the water. Both Plaintiffs popped up and everything seemed fine when suddenly Brooks was yanked underwater by a line which was attached to the ferry and wrapped around his ankle. Brooks was then dragged behind the ferry backwards, underwater by his ankle until the ferry finally came to a stop. While this was occurring Laliberte was picked up by a passing vessel, which then chased down the ferry. When Laliberte arrived Brooks was floating in the water adjacent to the ferry. Laliberte immediately jumped in and was able to get Brooks into the vessel where it was determined that Brooks had stopped breathing and had no

pulse.  Laliberte was able to clear his lungs of seawater, and started CPR.  Eventually Laliberte was able to bring Brooks back to life.

As a result of the incident Plaintiff Brooks was hospitalized for a number of days relating primarily to a lung infection from his lungs being filled with sea water.  As a result Brooks has permanent hypersensitive lungs.  In addition as a result of the incident Brooks has Post Traumatic stress disorder.  As a result of these physical and mental injuries Plaintiff Brooks is permanently disabled from returning to his former occupation and claims both past and future wage loss past and future medical expenses.  In addition Plaintiff Brooks claim non-economic damages (pain and suffering) for the physical and mental pain, anguish and dysfunction.  As a result of the incident Plaintiff LaLiberte sustained permanent Post Traumatic Stress Disorder which permanently disables him from his former occupation.  Plaintiff Laliberte claims past and future lost earning capacity and past and future pain and suffering (non-economic) damages.

Plaintiff Brooks claims damages under Counts I and II for medical bills and prescription costs incurred as a result of the incident.  Plaintiff Brooks further claims a right to be reimbursed for his medical bills and

proscription costs under count III of his complaint (maintenance and cure). These claims are in the alternative.

Plaintiff LaLiberte claims damages under Counts I and II for Medical bills and prescription costs incurred as a result of the incident. Plaintiff Laliberte further claims a right to be reimbursed for his medical bills and proscription costs under count III of his complaint (maintenance and cure). These claims are in the alternative.

With respect to Defendant's claim of comparative fault, Plaintiff's deny that they were negligent or that their negligence caused or contributed to any injuries. Further the Plaintiff's claim that there injuries where caused and this incident occurred as a result of the Defendant's failure to comply with USCG regulations, specifically, 46 CFR199.180(a). Accordingly the Plaintiff's claim that even if the Jury were to assess fault on there part that, as a matter of law there should be no reduction of the damage award. 45 U.S.C. §53 Plaintiff further asserts and intends to prove that there were so many negligent acts on the part of the Defendant and unseaworthy conditions that contributed to these injuries that any percentage attributed to the Plaintiffs

is comparatively small relative to the fault of the Defendant.

    B.    <u>Defendant</u>

The defendant incorporates by reference its "Statement of The Case" set forth in its Trial Brief, but further submits that the evidence will show that the plaintiffs' are comparatively at fault for the injuries they allegedly sustained. Specifically, Mr. LaLiberte failed to properly perform his duties and, as a result, the rescue boat swung perpendicular to the M/V ISLANDER, lost its stability, and capsized. Mr. Brooks also failed to exercise reasonable care for his own safety by properly donning his life jacket.

The evidence will show that Mr. LaLiberte did not sustain any personal injuries as a result of the incident and that his claim for Post-Traumatic Stress Disorder lacks medical and factual support. The evidence will further show that Mr. LaLiberte returned to gainful employment approximately one year after the incident, while at the same time collected long-term disability payments from the defendant. The evidence will show that Mr. LaLiberte is a disgruntled employee and has maintained this action against the defendant in retaliation and is also embellishing his symptoms for financial gain.

The evidence will show that Mr. Brooks sustained a personal injury as a result of the incident, and also experienced Post-Traumatic Stress Disorder. The evidence will show that Mr. Brooks is capable of returning to gainful employment and that his ongoing symptoms will likely improve after the conclusion of this litigation. The evidence will show that the defendant has fully satisfied its Maintenance & Cure obligation to both plaintiffs, and that it is entitled to a set-off for the amount it paid Mr. LaLiberte through its self-funded long-term disability plan.

2. **FACTS ESTABLISHED BY THE PLEADINGS/ADMISSIONS**

   A. On August 4, 2003, the plaintiffs were employed by the defendant as Able Bodied Seamen onboard the M/V ISLANDER.

   B. On August 4, 2003, the defendant owned, operated, and controlled the M/V ISLANDER.

   The defendant has stipulated to a finding in favor of the plaintiffs on Counts I & II (Jones Act negligence & Unseaworthiness) of their respective Complaints.

   In addition to the foregoing, the defendant refers to its Requests for Admissions, which are attached hereto as Exhibit "A." The plaintiffs never responded to these Requests for Admissions and, therefore, they are deemed admitted pursuant to Fed.R.Civ.P. 36(b). Plaintiffs do not stipulate to the admissibility of Defendant's request for admissions.

3. **CONTESTED ISSUES OF FACT**

   A. The nature and extent of the defendant's maintenance and cure obligation under the General Maritime Law.

   B. The amount of damages recoverable by each plaintiff.

   C. The nature and extent of the plaintiffs' comparative fault.

   D. The nature and extent of medical causation and condition of the plaintiffs.

   E. The extent of Defendant's negligence and vessel unseaworthiness relative to that (if any) of the Plaintiff's.

4. **JURISDICTIONAL QUESTIONS**

   None.

5. **QUESTIONS RAISED BY PENDING MOTIONS**

   Other than the issues raised in the Motions in Limine recently filed by the parties, there are no pending motions.

6. **ISSUES OF LAW**

   The parties do not anticipate any unusual issues of law during the course of the trial, but submit that this matter is controlled by the Jones Act and General Maritime Law. The parties have raised anticipated evidentiary questions in their respective Motions in Limine.

7. **AMENDMENTS TO PLEADINGS**

   None at this time.

8. **PROBABLE LENGTH OF TRIAL**

   Based upon the understanding that the Court will be sitting 9:00 a.m. until 1:00 p.m., the parties anticipate the case lasting approximately seven to

eight days.

**9.**   **FACTUAL WITNESSES**

  A.   Plaintiffs Witnesses

  1.   Mark LaLiberte
       53 John St.
       Worcester, MA 01609

  2.   Barry E. Brooks
       32 Silent Way
       East Falmouth, MA 02536
       Plaintiff

  3.   Suzanne Oston-Brooks
       32 Silent Way
       East Falmouth, MA 02536
       Wife of Plaintiff

  4.   Ellen K. Fergusen
       16 Old Beach Road
       Plymouth, MA 02360
       Pilot

  5.   Steve R. Bonoli
       469 Acapesket Road
       East Falmouth, MA 02563
       AB

  6.   Bill Munson
       11 Bounty Lane
       Falmouth, MA 02540
       Boatswain

  7.   David Dandridge
       P.O. Box 187
       Vineyard Haven, Massachusetts

  8.   John Mendes
       276 4th Street
       Rhode Island

  9.   Farley Doucette
       1432 Edgemere Ave
       Forked River, NJ 08731

       Rescue Passenger

10. Glen Barten
    Address Unknown
    USCG Officer

11. John Stanton
    2 Windmill Bog Way
    East Falmouth, MA 02537
    Chief Engineer

13. Captain Gregory Gifford
    32 High Street
    Woods Hole, Massachusetts

14. John Cartwright
    P.O. Box 172
    Barnstable, MA

15. Bruce Deacon
    386 Snipituit Rd.
    Rochester, MA

16. Dr. Carol Besecker
    Martha's Vineyard, MA

Plaintiff reserves the right to call any witnesses identified by the Defendant.

B. <u>Defendant's Witnesses</u>

1. Phil Parent
   Woods Hole, Martha's Vineyard
   & Nantucket Steamship Authority
   One Railroad Avenue
   Woods Hole, Massachusetts

2. Carl Walker
   Woods Hole, Martha's Vineyard
   & Nantucket Steamship Authority
   One Railroad Avenue
   Woods Hole, Massachusetts

3. David Dandridge
   P.O. Box 187
   Vineyard Haven, Massachusetts

4.  Ellen Ferguson
    16 Old Beach Road
    Plymouth, Massachusetts

5.  Bernard Holzer
    P.O. Box 1807
    Plymouth, Massachusetts

6.  William Munson
    P.O. Box 701
    Falmouth, Massachusetts

7.  Michael Kuhn
    26 Brigantine Circle
    Plymouth, Massachusetts

8.  John Mendes
    276 4th Street
    Rhode Island

9.  Thomas O'Henrique
    P.O. Box 2340
    Teaticket, Massachusetts

10. Roy Smith
    P.O. Box 3032
    Waquoit, Massachusetts

11. Steven Bonoli
    P.O. Box 991
    East Falmouth, Massachusetts

12. Barry Brooks
    29 Shady Lane
    East Falmouth, Massachusetts

13. John Lobo
    84 Durfee Street
    New Bedford, Massachusetts

14. Lee Rand
    5 Barque Drive
    East Falmouth, Massachusetts

15. Mark Suneson
    23 Stetson Street

        Fall River, Massachusetts

16. Albert Doucette
    4 Page Street
    Fairhaven, Massachusetts

17. Farley Doucette
    1432 Edgemere Avenue
    Forked River, New Jersey

18. Michael Armstrong
    1648 Whitewater Court
    Toms River, New Jersey

19. Douglas Ulwick
    P.O. Box 26
    Hanover, Massachusetts

20. Gregory Gifford
    32 High Street
    Woods Hole, Massachusetts

21. Frank Kincaid
    71 Janebar Circle
    Plymouth, Massachusetts

22. Robert Young
    Woods Hole, Martha's Vineyard
    & Nantucket Steamship Authority
    One Railroad Avenue
    Woods Hole, Massachusetts

23. Karla Wegehaupt
    Woods Hole, Martha's Vineyard
    & Nantucket Steamship Authority
    One Railroad Avenue
    Woods Hole, Massachusetts

24. Michael Collyer
    Marine Safety Consultants, Inc.
    26 Water Street
    Fairhaven, Massachusetts

25. Cynthia Cowan
    73 Simpson Avenue
    Oak Bluffs, Massachusetts

26. Robert Cowan
    317 Menott Road
    East Falmouth, Massachusetts

27. Ronald Bertrand
    Gogent Investigations
    18 Lyman Street
    Westboro, Massachusetts

28. Ernest W. Panneton
    S&H Services, Inc.
    P.O. Box 454
    Salem, Massachuetts

*The defendant reserves the right to call any factual witness identified by the plaintiffs herein.*

**EXPERT WITNESSES**

A.  Plaintiffs' Expert Witnesses

1. Gary Forrester, MD.
   30 Higgins Crowell Rd.
   West Yarmouth, MA

   Cape Psychiatric Center
   Cape Cod Hospital
   27 Park St.
   Hyannis, MA 02601

   Dr. Forrester is a medical doctor, a board certified psychiatrist and the Plaintiff's treating psychiatrist

2. Dr. Mir Shuttari
   Pulmanary Specialists of Cape Cod
   340 Gifford
   Falmouth MA

   Dr. Shuttari is a board certified pulmonologist and the plaintiff's treating physician. Dr. Shuttari is expected to testify regarding his treatment of the Plaintiff as well as his diagnosis and prognosis

3. Jack Darbyshire, Ph.D.

```
        Phychiatric Collaborative
        30 Higgins Crowell
        West Yarmouth, MA
```

   Dr. Darbyshire is a psychologist with a Ph.D. in psychology and is Mr. Brook's treating psychologist.  Dr. Darbyshire is expected to testify regarding his care, diagnosis, treatment, and prognosis of Mr. Brooks.

```
4.      Richard C. Tomb, M.D.
        9 Cedar St.
        Worcester, MA 01609
```

   Dr. Tomb is a board certified psychiatrist, a M.D. and the Plaintiff's treating psychiatrist.  Dr. Tomb is expected to testify that as a result of the incident on the M/V ISLANDER Mr. Laliberte suffers from chronic post traumatic stress disorder for which Dr. Tomb has and continues to proscribe medication and psychological counseling.

```
5.      Stephen Beaton, D.Ed.
        5 Brady Rd.
        Westborough, MA 01581
```

    Dr. Beaton is a licensed psychologist with a specialty in PTSD, a D.Ed. and Mr. Laliberte treating psychologist.  Dr. Beaton is expected to testify that as a result of the incident on the M/V ISLANDER Mr. Laliberte suffers from chronic post traumatic stress disorder.

   Plaintiff Brooks reserves the right to call Dr. Ronald Schouten.

   B.   **Defendant**

```
        1.   Dr. Ronald Schouten (Medical)
             Massachusetts General Hospital
             55 Fruit Street
             Boston, Massachusetts

        2.   Dr. Deborah Markowitz (Medical)
             173 Lincoln Street
             Newton Highlands, Massachusetts
```

       3.    Joseph Mokry (Comparative Fault)
            Ocean Rescue Systems
            P.O. Box 3423
            Portland, Maine

**11.** **PROPOSED EXHIBITS**

    A.    Mark LaLiberte's Personnel File;

    B.    Barry Brooks' Personnel File;

    C.    Employee Wages, Vacation Pay, Money Purchase, Life Insurance Premiums & Health Fees Spreadsheets;

    D.    Agreement Between Woods Hole, Martha's Vineyard & Nantucket Steamship Authority and Southeast Massachusetts Maritime Employees Association (SMMEA);

    E.    Long-Term Disability Income Plan for Unlicensed Vessel Employees;

    F.    Photographs of the M/V ISLANDER and U.S. Coast Guard Photographs of Incident;

    G.    Defendant's Requests for Admissions and Attachments;

    H.    Deposition Exhibits (David Dandridge, Ellen Ferguson, William Munson, Steven Bonoli, Dr. Ronald Schouten, Joseph Mokry, Barry Brooks, Mark LaLiberte, etc.)

    I.    Maintenance & Cure Payments and Receipts;

    J.    Witness Statements;

    K.    Surveillance Tape (Mark LaLiberte)

    L.    December 27, 2004 Correspondence from Cogent Investigations (Mark LaLiberte)

    M.    Criminal History Report (Mark LaLiberte)

    N.    Daily Report of Crew Members on Watch dated

       August 4, 2003 for the M/V ISLANDER;

O.    M/V ISLANDER Safety Drill Log (June 2003 –August 2003);

P.    M/V ISLANDER (September 1995) Manual, Station Bill, Rescue Tactics, Rescue Boat Launching & Recovery, Rescue Boat Outboard Motors, Life Rafts, etc.

Q.    Daily Muster Sheet / Emergency Stations 1 & 6;

R.    Spreadsheet of Payments (Medical Plan);

S.    Crew member statements to USCG

T.    USCG Citation to Defendant and Defendant's Admission and Payment thereof.

U.    Personel File, Capt. David Dandridge

V.    Report of Capt Gregory Gifford.

W.    Unpaid Medical Bills, Barry Brooks

X.    Prescription receipts, Barry Brooks

Y.    Unpaid Medical Bills, Mark Laliberte

Z.    Prescription receipts, MarK Laliberte

AA.    US Gov. Work Life Tables

BB.    U.S. Gov Life expectancy Tables

DD.    Photographs of incident.

EE.    Defendant's Answers to Plaintiff's Interrogatories.

*The defendant reserves the right to introduce any exhibit identified by the plaintiffs herein.*

                                      Respectfully submitted,
                                      Mark Laliberte,Plaintff

                                                  Barry Brooks, Plaintiff,
By their attorneys,

/s/ David Anderson
David F. Anderson
BBO #560994
Carolyn M. Latti
BBO #567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated August 22, 2007

Respectfully submitted,
On Behalf of the
Defendant by its
attorneys

/s/ Thomas J. Muzyka
Thomas J. Muzyka
Kenneth Chiarello
Clinton & Muzyka, P.C.
One Washington Mall
Boston, MA 02109
Dated August 22, 2007            (617) 523-1000

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ David F. Anderson
David F. Anderson, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: 8/22/07