UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARRY BROOKS,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY,<br>    Defendant | Civil Action<br><br>No. 05-11861-MLW |
| MARK LALIBERTE,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY,<br>    Defendant | Civil Action<br><br>No. 05-11224-MLW |

PLAINTIFF'S TRIAL BRIEF

The Defendant in the above two Jones Act cases has stipulated to liability under Count I (negligence) and Count II (unseaworthiness) in both cases. However the Defendant continues to assert affirmative defenses against both Plaintiffs claim comparative fault. In this Trial Brief Plaintiff will address the issues raised by this somewhat unusual situation.

I.  Background

On August 4, 2003 the Defendant's vessel was conducting a man overboard drill in connection with a Coast Guard inspection. During the course of the drill, the rescue boat

overturned sending both Plaintiff's in the water whereupon a line wrapped around Plaintiff Brooks' leg and dragged him behind the Defendant's vessel for several minute resulting in his suffocation.  Plaintiff Brooks was eventually rescued by Plaintiff LaLiberte who performed CPR and was able to revive him.  In connection with the incident the defendant's Captain, Mate/Pilot and Bosun all received citations from the Coast Guard for negligence.  As a result of the incident the vessel's captain's license was suspended.  As a result of the incident the Defendant, as a corporate entity was charged by the USCG with violation of 46 CFR199.180(a).  The Defendant plead guilty to the violation and paid the recommended Penalty.  Plaintiff has asserted several theories of liability against the Defendant based upon the negligence of fellow crewmembers, unseaworthiness, and negligence per se for violation of Coast Guard regulations.  See, Kernan vs. American Dredging Co., 355 U.S. 426, 78 S.Ct. 394 (1958)

The Defendant has stipulated to both Count I (Negligence) and Count II (Unseaworthiness) of Plaintiffs' Complaints.  However the Defendant has asserted a claim of Contributory Negligence claiming that the Plaintiffs' injuries are caused by their own negligence.  In light of their stipulation to negligence and unseaworthiness, Defendant seeks to preclude the Plaintiff's from introducing any evidence of negligence, unseaworthiness, Defendant's regulatory violations and other aspects of Defendant's liability.

II.     LAW

   A.     Negligence per se

A maritime employer's violation of a Coast Guard safety regulation that causes a seaman's injury or death constitutes negligence per se.  Kernan v. American Dredging Co., 355 U.S. 426, 432-433, 78 S.Ct. 394, 398 (1958); see also Moody v. Boston and Maine Corporation,

921 F.2d 1, 4 (1st Cir. 1990) (FELA case); Pratico v. Portland Terminal Company, 783 F.2d 255, 263 (1st Cir. 1985) (FELA case); Smith v. Trans-World Drilling Co., 772 F.2d 157, 160-161 (5th Cir. 1985); Reyes v. Vantage S.S. Co., 609 F.2d 140, 143 (5th Cir.) ("The failure to follow any Coast Guard regulation which is a cause of an injury establishes negligence per se."), quoted in Pratico, supra. Kernan further held as follows:

> [T]he basis of liability is a violation of statutory duty without regard to whether the injury flowing from the violation was the injury the statute sought to guard against. It must therefore be concluded that the nature of the Acts violated is not a controlling consideration. . . .

Kernan, supra at 438, 78 S.Ct. at 401, quoted in Moody, supra.

    B.    The Pennsylvania Rule

In The Pennsylvania, the Supreme Court held that, in a collision case, where one party violates a statute intended to prevent a collision, the burden of proof shifts to that party to establish that the violation "could not have been" a cause of the collision. The Pennsylvania, 86 U.S. (19 Wall) 125, 136 (1873) (the burden rests upon the offending party to show "not merely that [his] fault might not have been one of the causes, or that it probably was not, but that it could not have been" one of the causes"). The Supreme Court held that "such a rule is necessary to enforce obedience to the mandate of the statute." Id.

The Pennsylvania Rule "does not establish fault." Continental Grain Co. v. Puerto Rico Maritime Shipping Authority, 972 F.2d 426, 436 (1st Cir. 1992). "It serves solely to shift the burden of proof on the issue of causation once a claimant has established that a vessel has violated a statute or regulation." Id.

While the Pennsylvania Rule was initially applied only to cases involving collisions

between vessels, the First Circuit and others have expanded the application of the Pennsylvania Rule to cover violations of all types of Coast Guard regulations and all types of marine casualties. Id. In Continental Grain, the First Circuit held that the Pennsylvania Rule applied to all maritime casualties including the "capsizing and sinking of a vessel." Id. The Court stated:

> Given the policy underlying the rule, that is to assure strict compliance with rules pertaining to the safe operation of ships, we see no reason why the rule should not apply to the capsizing and sinking of a vessel as well as to a stranding.

Id. Other circuits have also expanded the application of the Pennsylvania Rule to cover maritime cases not involving collisions. See, e.g., Folkstone Maritime Inc. v. CSX Corp., 64 F.3d 1037 (7th Cir. 1995) (allision case); Candies Towing Co., Inc. v. M/V B&C Eserman, 673 F.2d 91 (5th Cir. 1982) (sinking with cargo loss); Reyes, supra (Jones Act death case); In re Seaboard Shipping Corp., 449 F.2d 132 (2nd Cir. 1971), cert. den., 406 U.S. 949, 92 S.Ct. 2038 (1972) (limitation proceeding involving drowning of seamen); Waterman S.S. Corp. v. Gay Cottons, 414 F.2d 724, 737 (9th Cir. 1969) (the Pennsylvania Rule also applies "to failure to provide equipment required by statute"); Smith v. Mitlof, 130 F.Supp.2d 578 (S.D.N.Y. 2001) (passenger case). As noted above, the Pennsylvania Rule involves not only a shifting of the burden of proof but also as a matter of substantive law, an increase in the level of certainty of proof. Once a party proves a violation of an applicable Coast Guard regulation, the violating party has the burden of proving that the violation could not have caused injury or death.

C.    Effect of Coast Guard Violation Upon Comparative Fault (Sec. 53)

Under the Jones Act, a seaman cannot be found to be comparatively negligent where the employer is found to have violated a safety statute or regulation and where the violation is a

cause of the seaman's injury or death.  45 U.S.C. §53;[1] Kernan, supra at 435, 78 S.Ct. at 399; Pratico, 783 F.2d 255, 267-268;  Roy Crook and Sons, Inc. v. Allen, 778 F.2d 1037, 1040, 1043 (5th Cir. 1985) ("[B]oth Kernan and Neal make it clear that Section 53 of the FELA is part of the Jones Act."); Fuszek v. Royal King Fisheries, Inc. 98 F.3d 514, 516-517 (9th Cir. 1996); Neal v. Saga Shipping Co., 407 F.2d 481, 486 (5th Cir. 1969), cert. den., 395 U.S. 986, 89 S.Ct. 2143 (1969) ("By virtue of the Jones Act, Section 53 of the FELA has been applied to violations of maritime safety statutes . . . .");.

   D.    "Comparative Fault" involves comparing the fault of the parties

Defendant has sought a protective order to quash the Defendant's 30(b)(6) deposition claiming that "the only issues to be resolved at the time of trial will be the plaintiff's contributory negligence, the nature and extent of theier damages and issues relating to their claims for maintenance and cure".  Defendant's Motion, P. 2.  "Unlike at common law, in both Jones Act and unseaworthiness actions, neither assumption of the risk nor contributory negligence are available as complete defenses to liability.  Instead the admiralty doctrine of comparative negligence applies".  Wilson vs. Maritime Overseas Corp., 150 F.3d 1, 11 ( 1st Cir)(emphasis added).   Under the doctrine of comparative negligence the fact finder must assess the degree to which the fault of each of the parties caused or contributed to the damage and apportion damages accordingly.  Beadle v. Spencer, 56 S.Ct. 712, 715 (1936).  In U.S. vs. Reliable Transfer, Co. Inc., the Supreme Court noted the success of the comparative negligence doctrine within the maritime personal injury law and held that the doctrine of comparative

---

[1] This is the FELA comparative negligence statute, which states, inter alia, as follows: "[N]o such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury of

negligence applied to all maritime torts. U.S. vs. Reliable Transfer, Co. Inc., 421 U.S. 397, 95 S.Ct. 1708, 1713 (footnote #13) , 1714 (1975).   Inherent in any apportionment of fault between the Plaintiff and the Defendant is an evaluation of the fault of both parties and the degree to which that fault caused or contributed to the damages.

      Here the Plaintiff's intend to introduce evidence of the Defendant's violation of USCG regulations, evidence of Defendant's negligence and evidence of unseaworthiness on the basis that proof of a violation of a USCG regulation precludes a reduction of damages on account of one or both of the Plaintiff's comparative negligence and evidence of a high degree of fault on the part of the Defendant will reduce in percentage terms (i.e. water down) causal negligence if any attributable to either Plaintiff.  Accordingly such evidence is relevant and admissible.

Respectfully submitted,

/s/ David F. Anderson_____
David F. Anderson
Carolyn M. Latti
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 8/22/07

---

death of such employee.

CERTIFICATE OF SERVICE

    I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                                                  /s/ David F. Anderson
                                                                   David F. Anderson, Esq.
                                                                   Latti & Anderson LLP
                                                                   30-31 Union Wharf
                                                                   Boston, MA 02109
                                                                   617-523-1000

Dated: 8/22/07