UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK LALIBERTE,<br>    Plaintiff<br><br>V.<br><br>WOODS HOLE, MARTHA'S<br>VINEYARD AND NANTUCKET<br>STEAMSHIP AUTHORITY,<br>    Defendant | Civil Action<br><br>No. 05-11224-MLW |

PLAINTIFF'S OPPOSITION TO:

DEFENDANT'S MOTION TO REOPEN THE MATTER AND FOR PERMISSION TO DEPOSIT THE SETTLEMENT FUNDS TO THE COURT'S REGISTRY

Now comes the Plaintiff, Mark LaLiberte, in the above captioned matter and opposes Defendant's Motion to Reopen the matter and for Permission to Deposit the Settlement funds to the Court Registry.  As grounds thereof the Plaintiff states as follows

The parties in this case entered into written settlement agreement a copy of which is attached as Ex. "A".  The agreement was drafted by the Defendant and signed by both parties. The agreement states that upon the completion of certain actions by Laliberte, "Woods Hole agrees to pay the sum of $ 167,500 to LaLiberte".  Settlement Agreement, Page 4.  The agreement further states "This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements between the parties related thereto."  Settlement Agreement, Page 5.  Mr. LaLiberte has done everything required of him under the agreement.  Prior to settling the case and signing the agreement the Defendant was

aware of all of the issues identified within its motion and none the less agreed to "pay the sum of $ 167,500 to Laliberte". All claims and disputes between the Plaintiff and Defendant have been reduced and incorporated into the settlement agreement. No other person or company has sought to intervene in this case to assert any claim. Accordingly it serves no purpose to deposit the settlement funds into the Court where the only valid claim to the funds before this court is that of Mr. Laliberte.

Prior to this case being placed in suit Mr. LaLiberte was represented by attorney Thomas J. Hunt. In the spring of 2005 Mr. Liberte discharged Mr. Hunt and retained Latti & Anderson who promptly placed the case in suit. Mr. LaLiberte's prior attorney Thomas J. Hunt is not a party to this case, has not filed a lien with the court in this case, and has not moved to intervene in this case pursuant to F.R.Civ.P. 24. Because Mr. Hunt never commenced suit or "appeared" for Mr. Brooks in this case, he is not entitled to a lien upon the judgment, pursuant to M.G.L. Chapter 221 Sec. 50. <u>Fox v. LaMotte, et al</u>, 18 Mass. L. Rep 2, 2004 Mass. Super. Lexis 218 (2004); <u>Boswell v. Zephyr Lines, Inc.</u> 414 Mass. 241, 606 N.E.2d 1336 (1993); <u>Wozniak vs. Gilmore</u>, 2005 Mass. App. Div. 49, 2005 Mass. App. Div. Lexis 6. (2005). While it is true that Mr. Hunt may have a cause of action in quantum meruit against Mr. LaLiberte, he is not entitled to lien and accordingly has not asserted one with this Court.

Without requesting specific relief, the Defendant notes that there is a dispute between the parties as to how much Mr. LaLiberte should pay to Defendant's expert Dr. Schouten. First Plaintiff's counsel has sent a $4,000.00 check to Dr. Schouten as an expert fee for a 5 ½ hour deposition. See, <u>Check dated September 12, 2007</u> (Attached as Ex. "B"). If Defendant claims that it should be reimburse for payments it made to Dr. Schouten, then this claim has been

superseded by the settlement agreement. If Dr. Schouten claims that Mr. LaLiberte owes him more than $4,000 for a 5 ½ hour deposition, then he ought to assert the claim himself. As the court is aware he has not done so.

　　　　WHEREFORE, the Plaintiff, Mark Laliberte, respectfully requests that this Honorable Court Deny, Defendant's Motion to Reopen the matter and for Permission to Deposit the Settlement funds to the Court Registry.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　Mark Laliberte, Plaintiff,
　　　　　　　　　　　　　　　　　　　　　By his attorneys,


　　　　　　　　　　　　　　　　　　　　　/s/ David F. Anderson
　　　　　　　　　　　　　　　　　　　　　David F. Anderson
　　　　　　　　　　　　　　　　　　　　　BBO #560994
　　　　　　　　　　　　　　　　　　　　　Latti & Anderson LLP
　　　　　　　　　　　　　　　　　　　　　30-31 Union Wharf
　　　　　　　　　　　　　　　　　　　　　Boston, MA 02109
　　　　　　　　　　　　　　　　　　　　　(617) 523-1000

Dated: 10-18-07

CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

      /s/ David F. Anderson
      David F. Anderson, Esq.
      Latti & Anderson LLP
      30-31 Union Wharf
      Boston, MA 02109
      617-523-1000

Dated: October 18, 2007

SETTLEMENT AGREEMENT

This **SETTLEMENT AGREEMENT** (hereinafter referred to as "**AGREEMENT**") is made and entered into as of September _14_, 2007 by and between **MARK LALIBERTE** (hereinafter referred to as "**LALIBERTE**") and **WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY** (hereinafter referred to as "**WOODS HOLE**").

WHEREAS, on the 9th day of June 2005, **LALIBERTE** filed various claims against **WOODS HOLE** in an action entitled *Mark Laliberte vs. Woods Hole Martha's Vineyard & Nantucket Steamship Authority*, United States District Court for the District of Massachusetts, Civil Action Number 05-11224-MLW (hereinafter referred to as "**LAWSUIT**");

WHEREAS, **WOODS HOLE** expressly disputes **LALIBERTE**'s claims and expressly denies that it has any liability whatsoever to **LALIBERTE** or to any other person or entity with respect to any claims for damages arising from the alleged personal injuries sustained by **LALIBERTE** on or about August 4, 2003 while serving as a seaman aboard the M/V ISLANDER.

WHEREAS, **LALIBERTE** and **WOODS HOLE** at this time wish to settle and compromise all disputes arising from the alleged personal injuries sustained by **LALIBERTE** on or

2

about August 4, 2003 while serving as a seaman aboard the **M/V ISLANDER** which is the subject of the aforesaid **LAWSUIT** between them without any admission of liability or any matter of fact or law;

**WHEREAS**, the Parties to this **AGREEMENT** certify that they have entered into a good faith settlement of this case, entered into at arms length, that is reasonable on its face;

**NOW, THEREFORE**, in connection of the foregoing and of the mutual promises and covenants contained herein and in attached documents incorporated by reference herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge, **LALIBERTE** and **WOODS HOLE** agree as follows:

**LALIBERTE** will dismiss all claims against **WOODS HOLE** in the **LAWSUIT** with prejudice and without costs and hereby releases **WOODS HOLE** from all claims made by him as plaintiff in the **LAWSUIT**.

**LALIBERTE** further agrees as a condition of his settlement that he terminates and resigns from his employment with **WOODS HOLE** upon the execution of this **AGREEMENT** and will not apply for nor become employed in the future in any capacity for **WOODS HOLE** from the date of execution of this **AGREEMENT**.  If **LALIBERTE** violates this

3

provision, he will hold **WOODS HOLE** harmless and indemnify **WOODS HOLE** for all costs, expenses, and attorney fees incurred by **WOODS HOLE** in the defense and enforcement of this provision.

**LALIBERTE** further agrees that **WOODS HOLE** will not be liable for nor will pay any outstanding medical charges for the alleged injuries which are the subject matter of the aforesaid **LAWSUIT** and this **AGREEMENT**.

**LALIBERTE** further agrees to execute the following documents:

A.  A **STIPULATION OF DISMISSAL**, annexed hereto as **EXHIBIT "A"** stipulating pursuant to Rule 41(a)(1(ii) of the Federal Rules of Civil Procedure that the action identified as *Mark Laliberte vs. Woods Hole Martha's Vineyard & Nantucket Steamship Authority*, Civil Action Number 05-11224-MLW be dismissed with prejudice and without costs.

B.  A **RED SEAMAN'S RELEASE** annexed hereto as **EXHIBIT "B"**, releasing **WOODS HOLE** and the **M/V ISLANDER** from all claims brought by **LALIBERTE** arising from the alleged personal injuries sustained by **LALIBERTE** on or about August 4, 2003 while serving as a seaman aboard the **M/V ISLANDER**.

It is agreed that in consideration of the full discharge of all claims arising out of the allegations set forth in **LALIBERTE's** Complaint, and in further full and complete discharge of any claim for damages that could be asserted in the future by said **LALIBERTE** as a result of

4

the alleged actions and/or omissions of **WOODS HOLE**, **WOODS HOLE** agrees to pay the sum of $167,500.00 to **LALIBERTE**.

This **AGREEMENT** does not constitute and is not to be interpreted as an admission by **WOODS HOLE** of liability or any matter of fact or law, or as a declaration against interest, and **WOODS HOLE** hereto denies such liability. This **AGREEMENT** shall not be introduced as evidence in any proceeding against **WOODS HOLE** except in a proceeding to enforce the terms hereof.

Nothing in this **AGREEMENT** shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this **AGREEMENT**. Each of the Parties expressly reserves any and all rights (including, but not limited to, and right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrences relating to any way to these matters against any person not a Party hereto.

The Parties warrant no promise or inducement has been offered for this **AGREEMENT** other than as expressly set forth herein.

This **AGREEMENT** constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements between the

5

Parties related thereto. This **AGREEMENT** shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties. This **AGREEMENT** may not be amended except by written modification executed by the Parties.

This **AGREEMENT** may be executed in duplicate counterparts, each of which shall be deemed to be an original; but all of which together shall constitute one and the same document.

**IN WITNESS WHEREOF**, the Parties have caused this **SETTLEMENT AGREEMENT** to be executed as a sealed instrument individually and by its duly authorized representative as of the dates set forth below their respective signatures.

                                        _/s/ Mark Laliberte_
                                        **MARK LALIBERTE**
                                        Dated: September 14, 2007

                       COMMONWEALTH OF MASSACHUSETTS

, ss. WORCESTER COUNTY          September 14, 2007

The personally appeared the above-named **MARK LALIBERTE**, and made oath that the execution of the above **SETTLEMENT AGREEMENT** is his free act and deed.

                                        _/s/ James A. Comfort, Jr._
                                        Notary Public
                                        My Commission Expires:

                 JAMES A. COMFORT, JR.
                    Notary Public
            Commonwealth of Massachusetts
               My Commission Expires
                  October 8, 2010

6

                         WOODS HOLE, MARTHA'S
                         VINEYARD AND NANTUCKET
                         STEAMSHIP AUTHORITY

                         By: THOMAS J. MUZYKA
                         Title: ATTORNEY-IN-FACT
                         Dated: September 25, 2007


                  COMMONWEALTH OF MASSACHUSETTS


BARNSTABLE SS:                         September 25, 2007


    Then personally appeared before me, the above named **THOMAS J. MUZYKA**, known to me to be the same and made oath that he is the **ATTORNEY-IN-FACT** for **WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**, and he executed the above **SETTLEMENT AGREEMENT** as a duly authorized act and acknowledges the same to be his free act and deed and the free act and deed of the **WOODS HOLE, MARTHA'S VINEYARD AND NANTUCKET STEAMSHIP AUTHORITY**.

                                      Notary Public  Barbara J. Cote
                                      My Commission Expires: 10/3/08

# LATTI & ANDERSON LLP

*Counsellors At Law and Proctors In Admiralty*

30-31 Union Wharf, Boston, Massachusetts 02109  (617) 523-1000
Portland, ME  (207) 874-6464
Facsimile  (617) 523-7394

DAVID F. ANDERSON**
CAROLYN M. LATTI*
DAVID J. BERG***

OF COUNSEL
MICHAEL B. LATTI

WITH OFFICES AT
46 Union Street, New Bedford, MA 02740  (508) 999-1029
35 Main Street, Gloucester, MA 01930  (978) 281-0605
*ALSO ADMITTED IN ME
**ALSO ADMITTED IN NH & ME
***ALSO ADMITTED IN NH, ME & NY

September 28, 2007

Dr. Ronald Schouten
Law and Psychiatry Service
15 Parkman St.
WACC 812
Boston, MA 02114

Re:  Brook's LaLiberte Deposition

Dear Dr. Schouten,

    Enclosed please find check #14983 in the amount of $ 4,000 representing partial payment of the attached bill. You should look to the law firm of Clinton & Muzyka for the payment of the remainder of the bill.

    Pursuant to the Federal Rules of Civil Procedure, My clients are required to pay you for your deposition time, which in this case is five and one half hours. My clients have paid you an additional 2.5 hours representing time you spent collecting the Brooks and Laliberte file as well as traveling to and from my office. Pursuant to the Federal Rules of Civil Procedure time spent in the days prior to the deposition preparing your opinions and testimony is to be paid by the party which hired you. Accordingly you should look to the law firm that retained you Clinton & Muzyka for payment of the remaining $ 4,000.

Very Truly Yours

David F. Anderson

DFA
Enclosure

**Law and Psychiatry Service**
15 Parkman Street, WACC 812
Boston, MA 02114
Tel: (617) 724-8658
Fax: (617) 724-2808

August 7, 2007

Kenneth M. Chiarello, Esq.
Clinton & Muzyka
One Washington Mall, Suite 1400
Boston, MA 02108

Client Number: 480 Kenneth M. Chiarello
Matter Number: 2821 Brooks, Laliberte Deposition
For Services Rendered Through 8/7/2007.

## Fees

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 07/29/2007 | RS | File review for deposition | 4.00 | $2,000.00 |
| 07/30/2007 | RS | File review for deposition | 1.50 | $750.00 |
| 08/01/2007 | RS | Deposition on Laliberte and Brooks | 5.50 | $2,750.00 |
| 08/01/2007 | RS | File review for deposition | 5.00 | $2,500.00 |
| | | Billable Hours / Fees: | 16.00 | $8,000.00 |

### Timekeeper Summary

Timekeeper RS worked 16.00 hours at $500.00 per hour, totaling $8,000.00.

Continued On Next Page

![Check image]

LATTI & ANDERSON LLP
ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY
OVERHEAD ACCOUNT
30-31 UNION WHARF BOSTON, MA 02109

BANK OF AMERICA, N.A.
5-13/110

14983

9/12/2007

PAY TO THE ORDER OF   MASSACHUSETTS GENERAL PHYSICIANS ORG.   $ **4,000.00

Four Thousand and 00/100************************************************** DOLLARS

MEMO  DEPO. BROOKS/LALIBERTE 8 HOURS

LATTI & ANDERSON LLP
OVERHEAD ACCOUNT

⑈014983⑈ ⑆011000138⑆ 00513 000⑈4⑈

---

LATTI & ANDERSON LLP / ATTORNEYS AT LAW & PROCTORS IN ADMIRALTY / OVERHEAD ACCOUNT

MASSACHUSETTS GENERAL PHYSICIANS ORG.    9/12/2007    14983

DEPO. BROOKS/LALIBERTE 8 HOURS    4,000.00

Cash - Overhead    DEPO. BROOKS/LALIBERTE 8 HOURS    4,000.00