UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK LALIBERTE,
      Plaintiff

CIVIL ACTION
NO.: 05-11224

VS.

WOODS HOLE, MARTHA'S VINEYARD
AND NANTUCKET STEAMSHIP
AUTHORITY,
      Defendant

## MEMORANDUM OF LAW IN SUPPORT OF
## THOMAS J. HUNT & ASSOCIATES' MOTION TO INTERVENE

Now comes, Thomas J. Hunt & Associates, who respectfully submits this Memorandum of Law in support of its Motion to Intervene in the above-entitled action.

## FACTUAL BACKGROUND

The plaintiff, Mark LaLiberte, retained Thomas J. Hunt & Associates, as his legal representation for personal injuries he sustained while a crewmember aboard the M/V ISLANDER.  The Plaintiff signed a contingent fee agreement with Thomas J. Hunt & Associates on or about August 11, 2003.  Thomas J. Hunt & Associates represented the Plaintiff's interests by contacting the insurer of the M/V ISLANDER, investigating the incident aboard the vessel, and obtaining the medical records of the Plaintiff.  Furthermore, Thomas J. Hunt & Associates entered into settlement negotiations with the Defendant's insurer on behalf of the Plaintiff, securing an initial settlement offer of 75,000.  Per the terms of the contingent fee agreement, Thomas J. Hunt & Associates would have recovered one-third (33.3%) of that amount ($25,000)

1

plus costs and fees in the amount of $734.80. Thus, Thomas J. Hunt & Associates would be entitled to $25,734.80.

The Plaintiff, on June 9, 2005 discharged Thomas J. Hunt & Associates and retained Latti & Anderson, LLP. At Plaintiff's request, all materials including all notes, investigative reports, photographs, medical records, and correspondence were forwarded to Latti & Anderson, LLP. On June 21, 2005 notice of an attorney's lien was sent to Clinton & Muzyka, P.C., by Thomas J. Hunt & Associates. Additionally, Thomas J. Hunt & Associates, sent notice to Plaintiff's counsel, Latti & Anderson, LLP, regarding its attorney's lien on June 21, 2005. On August 31, 2007, the parties settled the above entitled action for $167,500 and a Settlement Order of Dismissal was entered on that date. Thomas J. Hunt & Associates has attempted unsuccessfully to resolve this matter with Plaintiff's counsel, Latti & Anderson, LLP who offered $15,000.00 in settlement of Thomas J. Hunt & Associates claim for attorney's fees and costs.

<u>ARGUMENT</u>

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right when a statute of the United State confers an unconditional right to intervene or when the applicant claims an interest in the subject matter of the action which may be affected. Rule 24(b) provides for permissive intervention when an applicant's claim and the main action have common questions of law or fact. Thomas J. Hunt & Associates meets the requirements of Rule 24(a) because, it has a strong interest in the disposition of funds in the above-entitled action as it has not been paid attorney's fees and costs for its representation of the plaintiff. Additionally, Thomas J. Hunt & Associates has a valid claim for attorney's fees and costs in the above matter which this Court could resolve efficiently and judiciously by placing funds in the registry as requested by the defendant.

2

Massachusetts General Law, Chapter 221, Section 50 provides that an attorney "shall have a lien for his reasonable fees and expenses… upon the judgment, decree, or other order in his client's favor." It is important to note that, for purposes of **G.L. c. 221, § 50**, a "judgment" includes a stipulation of dismissal. *See Craft v. Kane,* 51 Mass.App.Ct. at 652-653. The attorney's lien statute, provides "attorneys [with] a statutory right to assert a charging lien securing compensation for their legal services." *Boswell v. Zephyr Lines, Inc.,* 414 Mass. 241, 244 (1993). The statute is designed to ensure payment to an attorney if his or her "efforts resulted in a fund available to" the client. *Cohen v. Lindsey,* 38 Mass.App.Ct. 1, 5 (1995).

Enforcement of a statutory lien requires an attorney to show that an action was commenced. *See PGR Management Co.* at 640. However, **G.L. c. 221, § 50** neither expressly or implicitly excludes or prohibits an attorney's lien based in equity for services rendered prior to commencement of a suit. To allow recovery of a full fee, based in part on the work of another would be inequitable and would unjustly enrich plaintiff's counsel. Thomas J. Hunt & Associates admittedly did not file suit in this matter, but it should not be precluded from recovering the reasonable value of its fees and costs on the work it did prior to discharge.

The general rule in Massachusetts is that, on discharge, an attorney has no right to recover on the contingent fee contract, but, thereafter, the attorney may recover the reasonable value of his services on a theory of quantum meruit. *See Opert v. Mellios,* 414 Mass. 634, 636-637 (1993). In determining what is a fair and reasonable charge to be made by an attorney for his or her services, "many considerations are pertinent, including the ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the

3

same neighborhood, the amount of money or the value of the property affected by controversy, and the results secured." *Cummings* v. *National Shawmut Bank*, 284 Mass. 563, 569 (1933).

Applying the factors annunciated in *Cummings* to the present matter, it becomes clear that the requested disbursement of $25,734.80 for attorney's fees is appropriate. Attorney Hunt is a well-respected maritime attorney in the Commonwealth, with nearly 40 years of experience in maritime law. Attorney Hunt represented Mr. LaLiberte for almost two years in this matter and secured an initial settlement offer of $75,000. Personal injury claims in the Commonwealth are ordinarily handled on a contingent fee basis, with a typical fee of one-third (33.3%) of the total recovery. Finally, the work of Attorney Hunt helped to secure a substantial recovery for the plaintiff. Based on these factors, a recovery of $25,734.80 in attorney's fees and expenses is a reasonable and equitable result.

In the present matter, the work and costs incurred by Thomas J. Hunt & Associates, in the time soon after the incident giving rise to Plaintiff's injury substantially led to Plaintiff's ultimate recovery. Post accident investigation done by Thomas J. Hunt & Associates provided valuable and conclusive evidence of defendant's negligence. Additionally, correspondence between Thomas J. Hunt & Associates and the Defendant's insurer immediately following the accident aboard the M/V ISLANDER helped secure Plaintiff's rights and protect his interests. Thomas J. Hunt & Associates assembled and procured medical records and other evidence which it used to illicit a substantial first settlement offer of $75,000. Denying the claim of Thomas J. Hunt & Associates would unjustly enrich plaintiff's counsel, Latti & Anderson LLP, who undoubtedly benefited from the work of Attorney Hunt.

4

**WHEREFORE,** Thomas J. Hunt & Associates prays that this Honorable Court ***grant*** its Motion to Intervene in the above-entitled action and that it grant defendant's "Motion to Reopen the Matter and for Permission to Deposit the Settlement Funds to the Court's Registry" so that this Honorable Court may resolve the issue of fees owed to Thomas J. Hunt & Associates.

Dated:  October 19, 2007

                                          Respectfully submitted,

                                          /s/ Thomas J. Hunt, Esq.
                                          Thomas J. Hunt
                                          BBO# 244680
                                          THOMAS J. HUNT &
                                          ASSOCIATES
                                          18 North Water Street
                                          New Bedford, MA  02740
                                          (508) 994-7300
                                          (508) 984-0755 Facsimile

5

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

/s/ Thomas J. Hunt
Thomas J. Hunt, Esq.
BBO# 244680
Thomas J. Hunt & Associates
18 N. Water Street
New Bedford, MA 02740

6