UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

```
_____
                               )
MARK LALIBERTE,                )
        Plaintiff              )
                               )        Civil Action
V.                             )
                               )        No. 05-11224-MLW
WOODS HOLE, MARTHA'S           )
VINEYARD AND NANTUCKET         )
STEAMSHIP AUTHORITY,           )
        Defendant              )
_____)
```

PLAINTIFF'S OPPOSITION TO:
THOMAS J. HUNT & ASSOCIATES' MOTION TO INTERVENE

Now comes the Plaintiff, Mark Laliberte and opposes Thomas J. Hunt & Associates'
Motion to Intervene. As grounds thereof the Plaintiff states 1) as a matter of substantive law,
Thomas J. Hunt & Associates is not entitled to a lien because they never filed suit on behalf of
the Plaintiff 2) this court lacks subject matter jurisdiction over the claims which Thomas J. Hunt
& Associates seeks to assert, 3) Thomas J. Hunt & Associates' motion is procedurally defective
as it is not "accompanied by a pleading setting forth the claim or defense for which intervention
is sought." F.R.Civ.P. 24(c). 4) Thomas J. Hunt & Associates motion should be denied as
untimely. The Plaintiff further relies upon the below memorandum.

A)      Pursuant to Massachusetts Law Thomas J. Hunt & Associates is Not entitled to a Lien
Upon Plaintiff's Settlement Proceeds

As Thomas J. Hunt & Associates correctly notes in its motion (Page 3, Para. 2) under
Massachusetts law an attorney is not entitled to a lien unless that attorney filed suit or otherwise

"appeared" on behalf of the ex-client.   Because this case was put in suit after Mr. Hunt was

discharged, Thomas J. Hunt & Associates is not entitled to a lien upon the settlement proceeds,

pursuant to M.G.L. Chapter 221 Sec. 50.  Fox v. LaMotte, et al, 18 Mass. L. Rep 2, 2004 Mass.

Super. Lexis 218 (2004); Boswell v. Zephyr Lines, Inc. 414 Mass. 241, 606 N.E.2d 1336 (1993);

 Wozniak vs. Gilmore, 2005 Mass. App. Div. 49, 2005 Mass. App. Div. Lexis 6. (2005).

Conceding that it is not entitled to a statutory attorney's lien, Thomas J. Hunt & Associates

argues in its motion that  "G.L. c. 221 Sec. 50 neither expressly or implicitly excludes or

prohibits an attorney's lien based in equity" and argues that this court should establish an

attorney's lien under common law.   It is well settled that "attorney's practicing in this

Commonwealth derive the right to file a lien from an act of the legislature rather than from the

common law".  Boswell v. Zephyr Lines, Inc., 414 Mass 241, 248 (1993).  In requiring an

attorney to actually file suit or appear in a case in order to acquire a lien the Massachusetts

legislature balanced the interest in attorney's being paid with the interests of clients in promptly

receiving the proceeds of their cases.  The requirement that an attorney file suit or appear for a

client "reflects a legislative judgment that such an appearance indicates that the attorney is

expending services and skills in furtherance of the client's interests."  Boswell v. Zephyr Lines,

Inc., 414 Mass 241, 248 (1993).  Simply stated Thomas J. Hunt & Associates does not have a

lien upon or property interest within the settlement proceeds.  Rather, Thomas J. Hunt &

Associates has a cause of action against Mr. Laliberte which is governed by quantum meruit and

may properly be brought within Massachusetts State Courts.  See,  Fox v. LaMotte, 18 Mass. L.

Rep. 2; 2004 Mass. Super. Lexis 218 (2004).  Accordingly, Thomas J. Hunt & Associates fails to

meet the "interest" requirement of F.R.Civ.P. 24(a).  Further, this Court should not entertain or

enforce an attorney's lien where none exists under Massachusetts Law.

B)      This Court Lacks Subject Matter Jurisdiction Over Thomas J. Hunt & Associates

Claimed Lien.

        In order to grant intervention into a case in Federal Court, the intervenor must establish

that the Court has subject Matter Jurisdiction over the Claim.  As indicated above, Thomas J.

Hunt has a cause of action for quantum meruit governed by Massachusetts Law.  Mr. Laliberte

and Mr. Hunt are both residents of Massachusetts and the claim is less than the jurisdictional

amount. Accordingly there is no diversity jurisdiction.  Finally, as set forth above Mr. Hunt does

not have a property interest with the settlement proceeds rather he has an in personam cause of

action against Mr. Laliberte.  Accordingly, this court does not have supplemental jurisdiction

over this claim.

C)      Thomas J. Hunt & Associates Motion to Intervene Should be Dismissed for Failure to

Comply with F.R.Civ.P. 24( c)

        F.R.Civ.P. 24 (c) requires that a motion to intervene must be "accompanied by a

pleading setting forth the claim or defense for which intervention is sought".   Failure to comply

with F.R.Civ.P. 24(c) results in denial of the motion to intervene.  Public Service Co. of  New

Hampshire vs. Patch, (136 F.3d 197, 205, note 6 (1st Cir. 1998).

D)      Thomas J. Hunt & Associates Motion to Intervene Should be Dismissed as Untimely

        Plaintiff's case against the Defendant was settled on August 31, 2007 six week before

Thomas J. Hunt & Associates moved to intervene.  Accordingly the motion to intervene should

be dismissed as untimely.

WHEREFORE,  the Plaintiff respectfully requests that Thomas J. Hunt & Associates

Motion to Intervene be denied.

> Respectfully submitted,
> Mark Laliberte, Plaintiff,
> By his attorneys,
>
>
> /s/ David F. Anderson _____
> David F. Anderson
> BBO #560994
> Latti & Anderson LLP
> 30-31 Union Wharf
> Boston, MA 02109
> (617) 523-1000

Dated: November 1, 2007

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the within document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

> /s/ David F. Anderson
> David F. Anderson, Esq.
> Latti & Anderson LLP
> 30-31 Union Wharf
> Boston, MA 02109
> 617-523-1000

Dated: November 1, 2007