```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

MARK LALIBERTE                      )
     Plaintiff,                     )
                                    )
         v.                         )  C.A. No. 05-11224-MLW
                                    )
WOODS HOLE, MARTHA'S VINEYARD       )
& NANTUCKET STEAMSHIP AUTHORITY     )
     Defendant.                     )


BARRY BROOKS                        )
     Plaintiff,                     )
                                    )
         v.                         )  C.A. No. 05-11861-MLW
                                    )
WOODS HOLE, MARTHA'S VINEYARD       )
& NANTUCKET STEAMSHIP AUTHORITY     )
     Defendant.                     )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                          November 15, 2007

I. SUMMARY

Plaintiffs Mark LaLiberte and Barry Books, former employees of defendant Woods Hole, Martha's Vineyard & Nantucket Steamship Authority, brought these actions for personal injuries sustained while performing their duties on the ship M/V ISLANDER. On August 31, 2007, following the parties' report that the cases had settled, this court entered a 60-day settlement order of dismissal.

Thomas J. Hunt, an attorney with Thomas J. Hunt & Associates subsequently filed motions to intervene in these consolidated cases, claiming an attorney's lien. Plaintiffs opposed these motions. Defendant filed motions to reopen the case, primarily to

1

permit the deposit of the settlement funds with this court's registry until Hunt's claim to have an attorney's lien is resolved. The plaintiffs opposed these motions as well.

No hearing on the pending motions is necessary. For the reasons described in this Memorandum, Hunt's motions to intervene are being denied. Defendant's motions to reopen the cases and deposit funds with the court's registry are also being denied.

## II. FACTS

Unless otherwise indicated, the following facts, drawn from the relevant submissions, are undisputed. LaLiberte and Brooks initiated these actions after suffering injuries while performing their duties on the ship M/V ISLANDER. Each complaint asserted four claims: (1) Jones Act Negligence; (2) unseaworthiness under general maritime law ("GML"); (3) maintenance and cure under GML; and (4) intentional/negligent failure to provide maintenance and cure under GML and the Jones Act. Defendant stipulated to liability on the first two counts of each plaintiff's claims.

On August 31, 2007, the parties reported the cases settled. The court then entered a settlement order of dismissal. The Order dismissed the case:

> without prejudice to reconsideration and possible reopening if within 60 days of this Order a motion is filed which represents that the terms of the settlement agreement have not been performed and there is good cause for the non-performing party or parties to have failed to perform.
>
> If no such motion is filed within 60 days of this Order,

>the case may only be reopened upon a meritorious motion pursuant to Fed. R. Civ. P. 60. <u>See</u> <u>Pratt v. Philbrock</u>, 109 F. 3d 18 (1st Cir. 1997).

August 31, 2007 Order (the "Order").

Subsequently, the parties executed settlement agreements. <u>See</u> LaLiberte Docket No. 51, Ex. A (the "LaLiberte Settlement Agreement"); Brooks Docket No. 33, Ex. A (the "Brooks Settlement Agreement"). On October 19, 2007, Hunt filed motions to intervene in these cases. Hunt initially represented Brooks and LaLiberte in this matter and secured settlement offers from the defendant. Those offers were not accepted and the plaintiffs engaged new counsel, who ultimately negotiated a settlement of the cases. Hunt claims an attorney's lien on the proceeds of the settlements.

Defendant moved to reopen these actions and to deposit the settlement funds with this court's registry, primarily to permit the court to resolve the issues raised by Hunt's motions to intervene. Defendant also requested the cases be reopened because of disputes with plaintiffs concerning expert witness fees totaling $4,000, and a $1,000 medical examination cancellation fee with regard to Brooks.

Plaintiffs have not yet received the payments agreed upon to settle these cases. Therefore, they have served defendant's insurance carrier with thirty-day demand letters pursuant to M.G.L. ch. 93A, each alleging that the failure to pay constitutes an unfair and deceptive trade practice. In response, defendant filed

motions for expedited hearings on its motions to reopen the cases so it could pay the amount of settlement into the court's registry.

As indicated earlier, a hearing is not necessary to decide the pending motions.

III. ANALYSIS

   A. <u>Hunt's Motion to Intervene is not Meritorious</u>

Hunt has moved to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a). As discussed earlier, Hunt secured settlement offers for both plaintiffs. He claims that he should be awarded a contingent fee of one-third of the amounts initially offered, plus costs. Hunt argues that failure to compensate him would unjustly enrich plaintiffs' current lawyers, who benefitted from his work.

   Rule 24(a) provides that:

   Upon timely application anyone shall be permitted to
   intervene in an action: (1) when a statute of the United
   States confers an unconditional right to intervene; or
   (2) when the applicant claims an interest relating to the
   property or transaction which is the subject of the
   action and the applicant is so situated that the
   disposition of the action may as a practical matter
   impair or impede the applicant's ability to protect that
   interest, unless the applicant's interest is adequately
   represented by existing parties.

Fed. R. Civ. P. 24(a).

In addition, "[a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which

intervention is sought." Fed. R. Civ. P. 24(c).

Hunt has not filed the pleading required by Rule 24(c). Failure to comply with this requirement generally "warrant[s] dismissal of [the intervenor's] motion[]." <u>Pub. Serv. Co. of N.H. v. Patch</u>, 136 F. 3d 197, 205 n.6 (1st Cir. 1998) (citing cases). However, if this defect were material, the court would permit Hunt to amend his motions and file the necessary pleadings. However, the undisputed facts demonstrate that any such amendments would be futile.

The creation of an attorney's lien in certain circumstances is established by a statute, M.G.L. ch. 221 §50. It states:

> <u>From the authorized commencement of an action, counterclaim or other proceeding in any court, or appearance in any proceeding before any state or federal department, board or commission, the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses</u> upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom. Upon request of the client or of the attorney, the court in which the proceeding is pending or, if the proceeding is not pending in a court, the superior court, may determine and enforce the lien; provided, that the provisions of this sentence shall not apply to any case where the method of the determination of attorneys' fees is otherwise expressly provided by statute.

(emphasis added).

The underlying goal of this statute is to protect the unpaid attorney. <u>See</u> <u>Boswell v. Zephyr Lines, Inc.</u>, 414 Mass. 241, 248 (1993). "[W]ith respect to matters of pleading, practice, and procedure, petitions to enforce a lien under §50 should be governed

by the rules applicable to suits in equity." <u>Elbaum v. Sullivan</u>, 344 Mass. 662, 663 n.1 (1962). However, "the proceeding is not wholly equitable." <u>Id.</u> at 664. Rather,"[t]he determination of whether the lien exists, and, if so, for how much, involves questions of contract under the common law." <u>Id.</u>

An attorney is deemed to "appear" within the meaning of §50 by "the signing of pleadings or motions as well as the filing of a notice of appearance." <u>Boswell</u>, 414 Mass. at 248-49. Hunt did not in these cases file a notice of appearance on behalf of Brooks or LaLiberte. Nor did he sign any motion or pleading. Therefore, he does not have an attorney's lien on the proceeds on the settlement of their cases.

This does not mean, however, that Hunt has no means of seeking compensation for his services. Rather, "[t]he general rule now recognized in Massachusetts . . . is that a client's discharge of an attorney ends the attorney's right to recover on the contract of employment and, thereafter, an attorney can recover only for the reasonable value of his services on the basis of quantum meruit." <u>Opert v. Mellios</u>, 415 Mass. 634, 636-37 (1993); <u>see also</u> <u>Fox v. Lamotte</u>, 18 Mass. L. Rptr. 2, 2 (Mass. Super. 2004) (dissolving attorney's lien but leaving open possibility of a separate quantum meruit suit).

Hunt may bring separate quantum meruit suits in an appropriate court. It appears that his cases would not involve parties of

6

diverse citizenship or seek as much as $75,000 from LaLiberte or Brooks. Therefore, it is doubtful that the federal court would have jurisdiction over a quantum meruit claim against them under 28 U.S.C. §1332 or any other statute.

    B.  <u>Defendant's Motions to Reopen These Actions and Deposit Settlement Funds in the Court's Registry Are Not Meritorious</u>

As explained earlier, defendant's request to reopen these cases and allow it to deposit the proceeds of the settlements with the court is intended primarily to give the court the opportunity to decide Hunt's claim to have attorney's liens. That issue has now been decided. As Hunt does not have a valid attorney's lien, it is not necessary for the defendant to deposit the settlement funds with the court. There is also no other valid reason to reopen these cases.

This court has not relinquished jurisdiction over these cases. <u>See, e.g.</u>, <u>Lipman v. Dye</u>, 294 F.3d 17, 20 (1st Cir. 2002) (noting that the district court has jurisdiction when, as here, compliance with the settlement agreement is part of the order of dismissal). The Order states that the cases may be reopened if, within 60 days, "a motion is filed which represents that the terms of the settlement agreement have not been performed and there is good cause for the non-performing party or parties to have failed to perform." Order at 1.

Although defendant's motions are timely, there is no claim

that LaLiberte and Brooks have not performed their obligations under their respective settlement agreements. In addition to a concern about Hunt's purported lien, the defendant merely asserts that Brooks and LaLiberte have failed to pay $4,000 in expert witness fees and that Brooks has failed to pay a $1,000 medical fee that defendant asserts the plaintiffs had agreed to pay prior to the settlement of their cases. The plaintiffs, however, deny that they are required to make such payments. Their contention is correct.

    The settlement agreements each provide that in return for a release of all claims and certain other actions, the defendant will pay LaLiberte and Brooks specified amounts. The releases have been provided and, in reliance upon the settlement agreement, LaLiberte has resigned his employment with the defendant. There is no contention that either he or Brooks have failed to perform any of their obligations under the settlement agreements.

    The settlement agreements do not make the defendant's obligation to pay LaLiberte and Brooks the full amounts agreed upon contingent on their paying any expert or cancellation fees. Indeed, these issues are not mentioned at all in the settlement agreements. Each settlement agreement states that it "constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements between the Parties related thereto." LaLiberte Settlement Agreement at 4-

5; Brooks Settlement Agreement at 4. Therefore, any claim that plaintiffs made an enforceable agreement to pay certain expert or cancellation fees defendant may have had before entering into the settlement agreements has been extinguished. See, e.g., Allsoft Corp. v. Palo, 237 F. 3d 31, 45 n. 14 (1st Cir. 2001) ("Given that . . . the settlement agreement specifically provides that it will 'supersede all prior agreements between the parties and each and every term thereof,' this argument [based on a pre-existing royalty agreement] is unavailing.").

    Therefore, there is no valid reason to reopen these cases to resolve defendant's current claims.

IV. ORDER

    In view of the foregoing, it is hereby ORDERED that:

    1. Hunt's motions to intervene (LaLiberte Docket No. 52, Brooks Docket No. 34) are DENIED.

    2. Defendant's motions to reopen these actions and deposit funds with the court (LaLiberte Docket No. 50, Brooks Docket No. 32) are DENIED.

    3. Defendant's motions for an expedited hearing (LaLiberte Docket No. 55, Brooks Docket No. 37) are DENIED.

    4. The payments from the defendant to LaLiberte and Brooks required by their respective settlement agreements shall be made by November 30, 2007.

                                          /s/ Mark L. Wolf
                                          UNITED STATES DISTRICT JUDGE